# Pauline Ann Morrisseau *v.* J. Legac d.b.a. J. Cole Steel Construction Co. et als

[181 A.2d 53]

March Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 1, 1962

*Barber & Barber & Grussing* for the claimant.

*Fitts & Olson* for Employers Liability Assurance Corp.

*John S. Burgess* and *Edward J. O'Brien* (of Keene, N. H.) for O'Bryan Construction Co., Inc. and Mass. Bonding & Insurance Co.

**Shangraw, J.** This is an appeal by the Employers Liability Assurance Corporation, Ltd., one of the defendants, and the claimant, Pauline Ann Morrisseau, from certain findings, conclusions, and orders of the Commissioner of Industrial Relations, pursuant to the provisions of 21 V.S.A. §672. Certain questions were certified to this Court by the Commissioner for determination.

The claimant, Pauline Ann Morrisseau, is the widow of Joseph A. Morrisseau. Mr. Morrisseau sustained a fatal injury in the course of his employment at Brattleboro, Vermont, on September 13, 1960. As dependents the deceased left his widow and three minor children. The widow has since remarried. No question is raised as to the amount of the award.

At the time of the accident the deceased was working at the Case Brothers Plant, No. 4, Brattleboro, Vermont, which was being con-

structed by the defendant, O'Bryan Construction Company, Inc., the general contractor, with its office and place of business at Brattleboro, Vermont.

The defendant, J. Legac, d/b/a/J. Cole Steel Construction Company, was a sub-contractor on this project for O'Bryan in the erection of structural steel for the Case Brothers plant. The decedent was paid by the sub-contractor under an arrangement whereby O'Bryan provided the funds for the weekly payroll, which sums so advanced were deducted from the amount eventually found due the sub-contractor from O'Bryan under the sub-contract. The office of J. Cole Steel was located at South Deerfield, Mass.

Sometime between August 4th and 6th of 1960 the sub-contractor needed additional help in the erection of steel on this project, and, on request made by the sub-contractor to O'Bryan, the latter furnished or loaned some men in its employ to J. Cole Steel, including the deceased.

The Massachusetts Bonding & Insurance Company was the workmen's compensation insurance carrier for O'Bryan. The defendant-appellant, The Employers Liability Assurance Corporation, Ltd., was found by the Commissioner to have been the insurance carrier for J. Cole Steel, the sub-contractor, who is now in bankruptcy.

All parties appeared at the hearing below, following which the commissioner made and filed findings of fact, conclusions of law, and a judgment order. The order, in so far as here material, reads:

"ORDER

IT IS HEREBY ORDERED that the Employers Liability Assurance Corporation, Ltd., and in case of its default, the J. Legac, d/b/a J. Cole Steel Construction Company, and in the case of its default, the Massachusetts Bonding and Insurance Company, and in case of its default, the O'Bryan Construction Company, pay to the claimant, Pauline Ann Morrisseau, for the support of herself and three minor children, . . . .

"IT IS FURTHER ORDERED that the claimant submit, within twenty days from the date of the Order, the costs that she has incurred in prosecuting her claim so that a Supplementary Order may be made by me thereby assessing against the said defendants said costs, and ordering the payment of same in accordance with the provisions of Title 21, V.S.A. 678-679, unless costs are voluntarily assumed by the defendants."

On the appeal by The Employers Liability Assurance Corporation Ltd., the questions as certified are summarized as follows: (1) Is the conclusion of the Commissioner of Industrial Relations that this insurance company is liable for the benefits to the claimant and her minor children supported by the evidence and correct in law? (2) Is the legal conclusion of the commissioner that this insurance company was familiar with the purposes for which certificates of insurance are filed in the office of the commissioner supported by evidence and correct in law? (3) Is the commissioner's order holding that this insurance carrier defended this cause without "reasonable grounds" and, stating that a supplemental order would follow assessing costs against the defendants in accordance with the provisions of 21 V.S.A. §§678-679 supported by the evidence and correct in law?

We do not sit in appeals like this as a fact-finding body. Our jurisdiction under 21 V.S.A. §672 is limited to a review of such law questions as the commissioner has certified up to us. *McKane* v. *Capital Hill Quarry Co.*, 100 Vt. 45, 46, 134 Atl. 640.

On notice of appeal filed by the claimant eight questions were certified for review, the essence of which challenge the authority or jurisdiction of the commissioner to determine, among the defendants, the order of priority under which payments by the various defendants should be made. These questions are directly addressed to the form of the commissioner's order and present the legal question as to whether or not the liability of each defendant is primary and direct, rather than contingent as expressed in the order.

No appeal was taken by J. Cole Steel, nor briefs filed by this company. While neither the defendants, O'Bryan Construction Co., Inc. nor Massachusetts Bonding and Insurance Company, filed a notice of appeal or requested a certification of questions by the commissioner, a brief has been filed joined in by this insured and its carrier. Each are here under the provisions of Chapter 102, Appellate Procedure, Title 12 V.S.A. §2382.

The Employers Liability Assurance Corporation, Ltd., denies coverage. The summarized questions, (1) and (2) presented by its appeal bring directly into play its compensation insurance policy No. WC 8066277 issued by this carrier to J. Cole Steel; the effect of the filing with the commissioner of a certificate of insurance as required by 21 V.S.A. §690; the evidence and record in the case; the spirit, pur-

pose, and intent of the workmen's compensation law of this State, and rules of construction relating thereto.

The policy in question was written to cover operations of J. Cole Steel in Massachusetts for period November 19, 1959 to November 19, 1960. The commissioner, having learned that J. Cole Steel was operating in Vermont, informed this construction company by letter dated September 8, 1960 that there was no evidence of workmen's compensation insurance coverage filed in his office as required by law. In the letter the commissioner stated that if they were not covered in Vermont such insurance should be procured at once and that the insurance agent should file a copy of the policy with him.

On September 12, 1960 the commissioner received a reply from this insured advising that work was being done on a sizable job at the University of Vermont, also Waterbury State Hospital, and that plans were made to take more jobs in Vermont. The letter also stated, "We did not know that Workmen's Compensation Insurance copy had to be filed in your office. Now knowing this, you will receive a copy soon as it has been put into our insurance agent's hands." This letter to the Commissioner was prepared by Mark L. (Mack) Collins, General Manager for J. Cole Steel. In referring to this letter, on cross-examination of Mr. Collins we have the following question and answer.

"Q. Do I understand the letter you prepared that Miss Legac typed for you that was mailed to the Commissioner's office September 12, stated you had made arrangements. Did that mean at the time you wrote that letter you had personally called or notified Borawski Agency to notify the Commissioner of Industrial relations.

A. Yes, sir. That is definite."

A. W. Borawski, Inc. is a large insurance agency in Northhampton, Mass. and agent of Employers Liability. The policy in question was issued through this insurance office and countersigned by Alexander W. Borawski, Inc. as authorized agent.

Under the provisions of 21 V.S.A. §690 an employer subject to the provisions of our compensation law shall cause to be filed with the commissioner a certificate of insurance setting forth policy number, operations covered, and other information. Such certificate is to be signed by a duly authorized representative of the insurance carrier.

Under this section a copy of the policy may be required by the commissioner.

A certificate of insurance dated September 16, 1960 was issued by Employers Liability, countersigned by Alexander W. Borawski, Inc., as authorized agent and filed with the commissioner on September 20, 1960. This certificate refers to policy WC 8066277. Nothing appears in the certificate to show or indicate that coverage was limited to operations of J. Cole Steel in Massachusetts. The commissioner found that Employers Liability Assurance Corporation, Ltd., as insurance carrier, writes other workmen's compensation insurance policies for coverage within the state of Vermont. Further, it sends certificates as evidence of coverage on numerous occasions to the Department of Industrial Relations in Vermont, and is familiar with the requirements of the commissioner's office and the purpose for which such certificates are filed. This finding has sufficient evidentiary support.

█ Findings of the Commissioner of Industrial Relations, in cases within his jurisdiction, stand like those of a referee or master in that, if they are fairly and reasonably warranted by the evidence, they are conclusive and binding on appeal. *Norman* v. *American Woolen Co.*, 117 Vt. 28, 31, 84 A.2d 125; *McKane* v. *Capital Hill Quarry Co., supra*, 46.

The contract between O'Bryan and J. Cole Steel required that the latter have workmen's compensation coverage. On other jobs done in Vermont by this sub-contractor, personnel from Vermont and elsewhere had been hired. When coming to Vermont J. Cole Steel requested certificates of insurance from Alexander W. Borawski, Inc. which were furnished to O'Bryan. It cannot be said that this insurance agency was without knowledge of operations in Vermont by J. Cole Steel. In referring to the Employer's Liability Assurance Corporation, Ltd., as a legal conclusion the commissioner stated: "It is familiar with the requirements of this office and purpose for which such certificates are filed." This is supported by the evidence and findings and must stand, in that the record discloses, and the commissioner so concluded, that Employers Liability writes other workmen's compensation insurance in Vermont and sends certificates to his office.

■ The purpose of the workmen's compensation law is to provide, not only for the employees a remedy which is both expeditious and independent of proof of fault, but also for employers, a liability which is limited and determinate. It places on business the burden of caring for injured employees, or when killed, their dependents to the extent provided for in the act. When the relationship of employer and employee exists, the parties are presumed to have accepted the act unless notice to the contrary is given. 21 V.S.A. §613. No such notice was given here by any of the parties.

■ The language of the Vermont act is not that of restriction or limitation, but is all-embracing. It applies to every contract of hiring, verbal, written or implied, and this was intended to mean wherever and by whomsoever made, and to all industrial employment, with certain exceptions, carried on in this state for pecuniary gain. *DeGray* v. *Miller Bros. Construction Co. Inc.,* 106 Vt. 259, 274, 173 Atl. 556.

■ 21 V.S.A. §693 is a "full coverage" statute. When The Employers Liability Assurance Corporation, Ltd., undertook to afford coverage to Massachusetts employees working in Vermont, by force of the statute it extended protection to all the employees of J. Cole Steel working in this State without regard to the place where they were hired.

■ When an employee renders service for his employer in this state, then the act becomes a part of the contract. *Tobin* v. *Rouse,* 118 Vt. 40, 42, 99 A.2d 617. When the act has been accepted, either expressly or impliedly, by the parties to a contract of employment, its provisions are to be construed as being written into the contract and the parties are bound by them. *DeGray* v. *Miller Bros. Construction Co., Inc., supra,* p. 270.

■ We next consider the status of an insurance carrier. 21 V.S.A. §601 (3) in defining "employer" in part provides that "If the employer is insured, 'employer' includes his insurer so far as applicable." As stated in *DeGray* v. *Miller Bros. Construction Co., Inc., supra,* at page 279, "The liability of an insurance carrier under the provisions of our Compensation Law is more than that of an indemnitor; it is a primary liability to an injured employee. The law puts the burden of insurance upon the employer. No insurance company is required by law to insure the liability of an employer. It comes into

the transaction voluntarily. But when it does insure such liability of the employer to pay compensation awarded under the provisions of our act, it thereby assumes the entire liability of the employer to pay such compensation." 21 V.S.A. §693 requires that such insurance cover the entire liability of such employer to his employees.

The workmen's compensation act is a part of the insurance carrier's contract. In this case the policy so provides, which in part reads, "To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law." See 100 C.J.S. Workmen's Compensation, §353 (3); *Carmack* v. *Great American Indemnity Co.*, 400 Ill. 93, 78 N.E.2d 507, 1 A.L.R.2d 402; *Carter* v. *Associated Petroleum Carriers*, 235 S.C. 80, 110 S.E.2d 8. If any part of an insurance contract is in derogation of the compensation law it should be nullified by the courts. 100 C.J.S. §353, (3) *supra*. This is the public policy of this state. *DeGray* v. *Miller Bros. Construction Co., Inc., supra*, p. 277.

In construing the provisions of the act we may look to the consequences. Section 709 of the act provides that the provisions of the compensation law shall be interpreted and construed as to effect its general purpose. The act, being remedial in character, must be liberally construed to effectuate its manifest purpose. *Wilkins* v. *Blanchard-McDonald Lumber Company*, 115 Vt. 89, 92, 52 A.2d 781. It must be applied in such manner as will more nearly and certainly accomplish the full purpose of the act and uphold the wholesome policy inducing its enactment.

Here, the policy and certificate of insurance must be considered as one instrument, and so construed in its application in this case. An employee is not bound by any territorial restrictions in the policy not appearing in the certificate filed with the commissioner. In other words, the rights of the employee cannot be narrowed by contract between the employer and his insurer where there is no certificate on file with the commissioner, as to the policy in force, which discloses restrictive provisions. 100 C.J.S. §372 (c) p. 92.

The decedent's fatal accident occurred on September 13th. The certificate of insurance filed with the commissioner on September 20th bears the date of September 16th. Employers Liability further claims that the effect of such certificate could, at most, only be prospective in

effect and not retroactive. The road-block to this legal contention is that the record amply demonstrates this insurance carrier's knowledge of J. Cole Steel's activities in Vermont prior to the accident in question and its purported insurance coverage in this State at that time. The certificate, which referred to the policy, had been requested and arranged for by J. Cole Steel through A. W. Borawski, Inc., the carrier's agent, prior to the accident, and as filed, afforded coverage for the policy period from November 19, 1959 to November 19, 1960.

In considering the priority or alternative features of the order relating to payment of the award, an examination of the compensation law fails to reveal any indication that the liability of any party, if once found to exist, is secondary to any other party's liability. The claimant urges that all defendants are primarily liable. We agree. The answer to this problem is found in *DeGray* v. *Miller Bros. Construction Co., Inc., supra,* at page 279 wherein it was held that a carrier's liability is primary. Under 21 V.S.A. §601 (3) "employer" is defined as including insurer, and, under 21 V.S.A. §618 the employer or the insurance carrier is required to pay the compensation specified in the act.

We do not subscribe to the features of the order which place upon the claimant the burden of proceeding against the defendants, in the collection of the award, in the order as named therein, thereby exposing the claimant to possible litigation, expense, and undue delay in its enforcement. While the commissioner should pass upon the primary liability of the parties defendant, he is not required or authorized under the act to pass upon the ultimate rights or liability as between carriers. For such relief or aid some tribunal other than that of the Commissioner of Industrial Relations must be resorted to. 58 Am. Jur. Workmen's Compensation, §365, citing *Johnson* v. *Mortenson,* 110 Conn. 221, 147 Atl. 705, 66 A.L.R. 1428. The judgment order in favor of the award should have been against all of the defendants unconditionally. It is not the intent of the compensation law that a claimant be made a football in any contest between parties defendant who have been held liable, in the determination of their respective rights or liabilities as between themselves. See *Mercier* v. *Holmes,* 119 Vt. 368, 370, 125 A.2d 790.

The commissioner found and concluded that the defendants defended the claim "without reasonable grounds" and in the order stated

that a supplemental order would follow assessing against the defendants costs incurred by the claimant in prosecuting her claim. We find sufficient support for this finding and conclusion, and this portion of the order must stand. The order as to payment of costs is consistent with the provisions of 21 V.S.A. §678 as amended by No. 90 of the Acts of 1961, and 21 V.S.A. §679 to which sections of the statute the order refers.

On the record, we cannot say as a matter of law that the findings of the commissioner are not fairly and reasonably supported by the evidence or that his legal conclusions are wrong. An unconditional order against all defendants for the payment of the award is also amply supported by the record.

■ The claimant has filed in this Court a motion for attorney's fees in connection with this appeal pursuant to the provisions of 21 V.S.A. §678, as amended, which so far as here material provides: "The commissioner or court may allow the claimant to recover reasonable attorney fees when he prevails." The main purpose of this statute is to discourage unreasonable delay and unnecessary expense in the enforcement or defense of this class of claims. *Kelley* v. *Hoosac Lumber Co.,* 96 Vt. 153, 157, 118 Atl. 520.

The claimant has prevailed on all points presented by the appeals. The principal appellant has chosen to delay payment of the claimant's award and impose upon her the burden of this appeal in the hope that it may extricate itself from coverage. While it may have some justification for this position as against one or more of the co-defendants, the prosecution of its appeal against the claimant is without reasonable ground and entitles her to an allowance for costs and attorney's fees.

*The priority or alternative feature of the order made below relative to payment of the award is vacated and set aside, otherwise, said order and award is affirmed as against all of the defendants. The claimant is to recover of the defendants the sum of $300. to apply on account of attorneys fees in this Court together with statutory taxable costs. The cause is remanded for a supplemental order relating to costs and attorneys fees below consistent with the views expressed in this opinion, and in accordance with the provisions of 21 V.S.A. §§678-679. To be certified.*