## Glenn Fleury v. Kessel/Duff Construction Co.

[543 A.2d 703]

No. 85-387

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ.**

Opinion Filed February 26, 1988

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellee.

*Harold E. Eaton, Jr.*, of *Miller, Norton & Cleary*, Rutland, for Defendant-Appellant.

**Dooley, J.** Following our decision affirming the Commissioner's award of workers' compensation benefits to plaintiff, Glenn Fleury, see *Fleury* v. *Kessel/Duff Construction Co.*, 148 Vt. 415, 533 A.2d 1197 (1987), the plaintiff sought an award of attorney's fees pursuant to 21 V.S.A. § 678(b). The matter was referred to a master who has determined that $3300, an amount agreed to by the parties, is a reasonable fee for representation before this Court. Both parties have differences with the master's report. Defendant argues that the statute under which the fees are awarded is unconstitutional and, therefore, no award should be made. Plaintiff argues that the award recommended by the

master is inadequate because it contains no sums for representation before the Commissioner of Labor and Industry where plaintiff also prevailed.

We accept the master's report and award plaintiff $3300 in attorney's fees for representation before this Court. As discussed below, we reject the defendant's argument that the attorney's fee statute is unconstitutional and the plaintiff's claim that we can include an amount for legal representation before the Commissioner.

■ Defendant makes two claims on the constitutionality of the statute: (1) the statute denies equal protection of the laws because employees receive attorney's fees when they prevail and employers do not; and (2) because it is denied fees, the employer must purchase justice in violation of Chapter I, Art. 4 and Chapter II, § 28 of the Vermont Constitution.

Before looking at the specifics of these claims, we note that Vermont has adopted the "American rule" that each party must bear its own legal expenses in litigation. See *Albright* v. *Fish*, 138 Vt. 585, 590-91, 422 A.2d 250, 254 (1980). As we have noted in similar circumstances in other cases, however, our adoption of the American rule does not preclude the Legislature from enacting statutes to shift the cost of legal representation onto the losing party as part of an overall scheme to promote the public welfare. See *State* v. *Whitingham School Board*, 140 Vt. 405, 408-09, 438 A.2d 394, 396 (1981) (statutory award of attorney's fees to individual plaintiffs under Fair Employment Practices Act furthers this state's policy of preventing or correcting inappropriate use of gender in employment); *Gramatan Home Investors Corp.* v. *Starling*, 143 Vt. 527, 536, 470 A.2d 1157, 1162 (1983) (statutory award of attorney's fees to individual plaintiffs under Consumer Fraud Law reflects legislative intent to protect this state's citizens from unfair and deceptive business practices and to encourage a commercial environment highlighted by integrity and fairness). Of course, this cost shifting cannot be upheld if it constitutes invidious and unconstitutional discrimination as defendant argues.

Our standard for equal protection analysis is clear where there is no suspect classification or denial of a fundamental right. The distinctions drawn by the Legislature must only be rational in light of the objectives of the statute. See, e.g., *In re Barcomb*, 132 Vt. 225, 232-33, 315 A.2d 476, 481 (1974) (unemployment compensation). This standard is detailed in *Colchester Fire District*

*No. 2* v. *Sharrow,* 145 Vt. 195, 198-99, 485 A.2d 134, 136-37 (1984):

> Under what this Court has termed " 'the minimum scrutiny of the so-called "rational basis test," ' " . . . there will be a " 'determination of unconstitutionality only where the relevant law classifies similar persons for different treatment upon wholly arbitrary and capricious grounds. . . . Where the classification rests upon "some reasonable consideration of legislative policy," it will not be unconstitutional.' " "[I]f any reasonable policy or purpose for the legislative classification may be conceived of, the enactment will be upheld."
>
> . . . .
>
> In an action challenging a legislative enactment on the basis of equal protection, "[o]ne who seeks to void [such an enactment] on equal protection grounds undertakes a very weighty burden."

(citations omitted).

We have stated that the purpose of an earlier discretionary version of § 678(b) was "to discourage unreasonable delay and unnecessary expense in the enforcement or defense of this class of claims." *Morrisseau* v. *Legac,* 123 Vt. 70, 79, 181 A.2d 53, 59 (1962). In upholding a similar Texas statute, the United States Supreme Court held in 1914:

> It is a police regulation designed to promote the prompt payment of small claims and to discourage unnecessary litigation in respect to them. . . .
>
> . . . .
>
> If the classification is otherwise reasonable, the mere fact that attorney's fees are allowed to successful plaintiffs only, and not to successful defendants, does not render the statute repugnant to the "equal protection" clause. This is not a discrimination between different citizens or classes of citizens, since members of any and every class may either sue or be sued. *Actor* and *reus* differ in their respective attitudes towards a litigation; the former has the burden of seeking the proper jurisdiction and bringing the proper parties before it, as well as the burden of proof upon the main issues; and these differences may be made the basis of distinc-

tive treatment respecting the allowance of an attorney's fee as a part of the costs.

*Missouri, Kansas & Texas Ry.* v. *Cade*, 233 U.S. 642, 649-50 (1914). The Rhode Island Supreme Court in *Gomes* v. *Bristol Manufacturing Corp.*, 95 R.I. 126, 131, 184 A.2d 787, 790 (1962), upheld a statute virtually identical to § 678, finding:

> [W]e think it is reasonable to believe that, considering the relative financial standing and resources of the average employee and those of the average employer, the legislature deemed it wise to place the burden of costs and attorneys' fees upon the side better able to bear them. Were this not done it is entirely conceivable that any weekly sum that might be awarded to an employee would be unwarrantedly lowered by the amount of his costs and his attorney's fees.

See also *McMillen* v. *Arthur G. McKee & Co.*, 166 Mont. 400, 408, 533 P.2d 1095, 1099 (1975) (equal protection challenge to similar Montana statute rejected under *Missouri, Kansas & Texas Ry.* v. *Cade*: "That holding has remained unchanged for over sixty years and controls the federal constitutional question . . . .").

These decisions offer multiple rationales to uphold the statute against defendant's attack.[1] As in *Morrisseau* v. *Legac*, we note that the "appellant has chosen to delay payment of the claimant's award and impose upon [him] the burden of this appeal in the hope" it could reduce the compensation award. 123 Vt. at 79, 181 A.2d at 59. It is reasonable for the Legislature to have determined that an employer has greater capacity to assume legal expense on appeal and, thus, that it is fair for such an employer to pay the claimant's attorney fees in this Court even though the employer could not recover such fees if it prevailed. There is no denial of equal protection of the laws.[2]

---

[1] Defendant makes a number of claims about the way in which the statute operates, alleging, for example, that it encourages a claimant to delay presenting his case fully in order to maximize an attorney's fee award. While we think the incentives defendant cites are greatly exaggerated, if they exist at all, and are based on one possible reading of how the statute would operate, it is sufficient to say that the statute does not have to be perfect in meeting its objectives. *In re Barcomb*, 132 Vt. at 233, 315 A.2d at 481.

[2] In reaching our decision we note that although § 678(b) does mandate an award of reasonable attorney's fees to a prevailing claimant on appeal while denying

■ Defendant's state constitutional claims need little analysis. Defendant has offered no support for its claims beyond the bare argument that the statute denies defendant access to justice and forces it to purchase justice in violation of the Fourth Article of Chapter I and Section 28 of Chapter II of the Vermont Constitution. Although Vermont adheres to the "American rule" as a matter of policy, we have long recognized the power of the Legislature by statute to make attorney's fees an item of recoverable damages or costs. See *Albright* v. *Fish*, 138 Vt. at 590-91, 422 A.2d at 254. Indeed, we have come to recognize as a society that a denial of the right to recover attorney's fees, or alternatively, publicly subsidized counsel, will prevent many individuals including workers' compensation claimants from having access to justice. We find no denial of defendant's state constitutional rights.

■ Plaintiff requested that the master allow him to recover reasonable attorney's fees incurred before the Commissioner of Labor and Industry. The master refused this request, finding that the statute does not authorize such recovery. We agree.

Section 678 has two subsections, and they must be read in pari materia. Cf. *Rutz* v. *Essex Junction Prudential Committee*, 142 Vt. 400, 405, 457 A.2d 1368, 1370 (1983). Subsection (a) governs the assessment of costs, including attorney's fees, before the Commissioner. Subsection (b) governs the allowance of attorney's fees in this Court and the superior court. We cannot interpret subsection (b) as allowing this Court to award attorney's fees for repre-

---

such fees to a prevailing employer, the statute does not treat employers differently on the basis of their appellate status. Regardless of whether the employer is the appellee or the appellant, only a prevailing claimant on appeal is to be awarded reasonable attorney's fees. In this context, § 678(b) is consistent with the overall legislative scheme for administering our workers' compensation laws and cannot be considered a punitive measure designed to discourage employers from contesting an unmeritorious or frivolous employee claim for compensation. Thus, this case is distinguishable from *Bankers Life & Casualty Co.* v. *Crenshaw*, 483 So. 2d 254 (Miss. 1985), recently argued before the United States Supreme Court, 56 U.S.L.W. 3527 (February 9, 1988), where appellant attacks the constitutionality of a Mississippi statute automatically imposing on any unsuccessful defendant-appellant a mandatory penalty of 15 percent on any money judgment, regardless of the merits on appeal, but placing no corresponding burden on the unsuccessful plaintiff-appellant. Therefore, our holding in the present case will be unaffected by the opinion which will issue in *Crenshaw*.

sentation before the Commissioner *where the claimant has prevailed before the Commissioner.*[3]

In this case, plaintiff failed to request the fee award from the Commissioner pursuant to § 678(a) before the defendant's appeal to this Court. After an initial opinion in this case, plaintiff sought a fee award and was denied. Assuming an appeal is properly filed pursuant to 21 V.S.A. § 672, we do not preclude review of a Commissioner's denial decision.

*The report of the master is adopted. Plaintiff shall recover attorney's fees of $3300.*

---

[3] We do not address, as not before us, the situation where the claimant does not prevail before the Commissioner but wins on appeal.