## Glenn Fleury v. Kessel/Duff Construction

[592 A.2d 904]

No. 88-100

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Keyser, J. (Ret.),
Specially Assigned

Opinion Filed May 3, 1991

*Anthony B. Lamb* and *David A. Barra* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellant.

*Harold E. Eaton, Jr.*, of *Miller, Cleary & Faignant, Ltd.*, Rutland, for Defendant-Appellee.

**Dooley, J.** Plaintiff, Glenn Fleury, appeals the denial by the Commissioner of Labor and Industry (Commissioner) of an award of attorney's fees in connection with a workers' compensation proceeding before the Commissioner. Plaintiff argues that he prevailed in his case and thus is entitled to attorney's fees even though his request was made after the underlying award was affirmed in this Court. We reverse and remand.

This is the third time we have rendered a decision in this case. The case was first here as an appeal by the employer of an award of permanent total disability benefits to plaintiff. Plaintiff prevailed fully in that appeal. *Fleury v. Kessel/Duff Constr. Co.*, 148 Vt. 415, 533 A.2d 1197 (1987) (*Fleury I*). Plaintiff then sought attorney's fees, and the employer challenged the statute under which plaintiff sought the fees. We upheld the statute and awarded fees for the appeal to this Court but ruled that plaintiff would have to return to the Commissioner for an award of fees incurred at the original proceeding in the Department of Labor and Industry. *Fleury v. Kessel/Duff Constr. Co.*, 149 Vt. 360, 543 A.2d 703 (1988) (*Fleury II*).

On the same day that plaintiff requested fees in this Court, he also filed a request with the Commissioner, pursuant to 21 V.S.A. § 678(a), for attorney's fees arising from the original proceedings. The Commissioner found that the parties filed their final document in September of 1984, prior to the Commissioner's ruling, that the ruling was made on July 25, 1985, and that plaintiff made no request for fees until September 30, 1987. She reviewed Rule 10(b) of the department's Processes and Procedures for Claims Under the Vermont Workers' Compensation and Occupational Disease Acts, which requires that the documents showing the reasonableness of a fee be filed no later than the filing of the "final documents in the case" and found that the prior practice was to require that a request for attorney's fees be made within a reasonable time after the hearing on the merits. Consequently, she denied the request as untimely.

On December 3, 1987, plaintiff filed a motion for reconsideration of the Commissioner's decision. In response, the Commissioner amplified her decision without changing it. She reasoned that she had no jurisdiction over the request because the mandate in *Fleury I* affirmed without remanding the case back to

her. She held that Rule 10(b) applied to the case, but that it made no difference since the prior practice was to follow the Vermont Rules of Civil Procedure, which would have required a request within ten days. See V.R.C.P. 59(e). We were aware of the Commissioner's denial when we issued *Fleury II*. We said in that opinion: "Assuming an appeal is properly filed pursuant to 21 V.S.A. § 672, we do not preclude review of a Commissioner's denial decision." 149 Vt. at 365, 543 A.2d at 706. Plaintiff perfected a proper appeal and brought the question of fees incurred before the Commissioner to this Court.

■ The Commissioner's authority to award attorney's fees is contained in 21 V.S.A. § 678(a), which reads:

> Necessary costs of proceedings under this chapter shall be assessed by the commissioner against the employer or its workers' compensation carrier when the claimant prevails. The commissioner *may allow* the claimant to recover reasonable attorney fees when he prevails. Costs shall not be taxed or allowed either party except as provided in this section. (Emphasis added.)

Although this version of the statute contains amendments added since plaintiff's injury, the amendments have no bearing on this appeal.* The Commissioner has adopted a rule governing the procedure for awarding attorney's fees. Rule 10(b) states, in part:

> Evidence establishing the amount or reasonableness of the attorney's fees claimed shall be offered no later than that date upon which the final documents in the case are filed with the Department. Failure to comply with this section may result in denial of an award of attorney's fees.

The rule went into effect on February 20, 1985, prior to the benefit award by the Commissioner in this case. See Vermont Dep't of Labor and Industry, Processes and Procedure for

---

* The current version quoted above contains the amendments added by 1981, No. 204 (Adj. Sess.), § 10. The version at the time of plaintiff's injuries was as enacted by 1969, No. 237 (Adj. Sess.). The second and third sentences of the earlier version are identical to those sentences in the current version. Since this issue is governed by the second sentence of § 678(a), it makes no difference which version is considered.

Claims Under the Vermont Workers' Compensation and Occupational Disease Acts, 2 Code of Vermont Rules, Rule 24010003, at 21 (1989) (rules filed as Vermont Secretary of State Rule No. 85-16 effective 3/20/85). It clearly was not in effect in September of 1984 when the final documents in the case were filed. The earlier practice was to require a request for fees to be submitted within a reasonable time after a hearing on the merits.

■ Although the procedures to be used in processing claims clearly fall within the discretion of the Commissioner, we have difficulty with each of the rationales used by the Commissioner. Rule 10(b), relied upon by the Commissioner, went into effect before the decision was rendered at the administrative level. Rule 18(a), 2 Code of Vermont Rules, Rule 24010003, at 20, provides that "[p]rocedures under these rules, not affecting the substantive rights of a party, shall apply to current and future claims and cases." Thus, to the extent the procedures in Rule 10(b) did not affect plaintiff's substantive rights, they covered this proceeding. As interpreted by the Commissioner, however, the rule eliminated plaintiff's right to collect attorney's fees because the last document in the case had been filed prior to the rule's effective date. We do not believe the rule can be applied retroactively in that fashion so as to cut off a right to claim fees that remained alive under the prior procedure.

■ We also have difficulty with the Commissioner's alternative holding that plaintiff's request was untimely under prior procedure. Her reasoning is based in part on her view that the prior procedure incorporated the Vermont Rules of Civil Procedure, Rule 59(e) of which would require a request for fees to be made within ten days of the entry of judgment. However, V.R.C.P. 59(e) sets the time limit for a motion to alter or amend a judgment. It does not apply to a motion for attorney's fees as part of costs because such a motion is collateral to the main issues before a court. See *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 451 (1982); *State v. Champlain Cable Corp.*, 147 Vt. 436, 438, 520 A.2d 596, 598 (1986). *White* dealt with a situation comparable to that here and held that requests for attorney's fees under the federal Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, were not restricted by the limit of Fed. R. Civ. P. 59(e), which is identical to V.R.C.P. 59(e). 455 U.S. at 451–54. *White* was distinguished in

*Champlain Cable Corp.*, a case dealing with a fee request under the Vermont Fair Employment Practices Act (VFEPA), 21 V.S.A. §§ 495–496, because attorney's fees are not ordinarily part of costs and because we had ruled in an earlier case that attorney's fees are not part of costs in VFEPA cases. 147 Vt. at 438, 520 A.2d at 598. The statute applicable in this case makes clear that attorney's fees are awarded as part of costs. See 21 V.S.A. § 678 (statute is titled "Costs" and covers attorney's fees).

■■ We are left with the Commissioner's earlier practice of allowing attorney's fees requests if made within a reasonable time. *White* defined the critical issues in determining the reasonableness of a delay in seeking attorney's fees as the extent to which the delay "unfairly surprises or prejudices the affected party." 455 U.S. at 454. *White* itself involved a case already on appeal when the fee award was requested. A number of federal and state cases have held that a request made after a party prevails on appeal is timely. See, e.g., *Hicks v. Southern Maryland Health Systems Agency*, 805 F.2d 1165, 1166–67 (4th Cir. 1986); *Farmers Insurance Exchange v. Pickering*, 104 Nev. 660, 662, 765 P.2d 181, 182 (1988) (per curiam); see also *City of Palm Bay v. Bauman*, 475 So. 2d 1322, 1327 (Fla. Dist. Ct. App. 1985) (request for fees made three months after judgment, prior to appeal; indicating that a request subsequent to appeal may be timely). We are unable to see any unfair surprise or prejudice to defendant if the Commissioner considers the fee award at this time. See *Royer v. Adams*, 121 N.H. 1024, 1028, 437 A.2d 316, 319 (1981) (per curiam) (an attorney's fee claim is not within a reasonable time only if special circumstances make the award unjust). Compare *Baird v. Bellotti*, 724 F.2d 1032, 1034–36 (1st Cir. 1984) (thirty–month delay in filing attorney's fee request unreasonable where loss of memories of witnesses would be prejudicial to nonprevailing party and it would be difficult to reconstruct accuracy of fees); *Urban League v. Mayor of Carteret*, 115 N.J. 536, 552–56, 559 A.2d 1369, 1378–80 (1989) (request for attorney's fees not made within a reasonable time where delay suggests unfair surprise and trial court would have to conduct mini-trial to determine entitlement to and amount of fees). The request here was made shortly after plaintiff determined he was entitled to fees because he prevailed in this

Court. Defendant has kept this litigation alive by appeals. The issues of entitlement and amount can be determined from existing records. We conclude that in the absence of a governing rule, the request here was timely.

■ While we agree that plaintiff's request was timely filed, we are unwilling to compel the Commissioner to award attorney's fees pursuant to 21 V.S.A. § 678(a). The statute makes clear that such an award is within the Commissioner's discretion. Accordingly, we remand the request to the Commissioner for consideration.

*Reversed and remanded.*