## Patricia Hodgeman v. Jard Company

[599 A.2d 1371]

No. 90-263

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 25, 1991

*David W. Lynch* of *Miller, Cleary & Faignant, Ltd.*, Rutland, for Defendant-Appellant.

**Gibson, J.** Defendant Jard Company, Inc. appeals an award of attorney's fees to plaintiff Patricia Hodgeman by the Commissioner of Labor and Industry in a workers' compensation proceeding. Defendant argues that the controlling statute, 21 V.S.A. § 678(a), violates Chapter I, Article 7 of the Vermont

Constitution. Alternatively, defendant argues (1) that workers' compensation claimants must prevail on all claims in order to be awarded attorney's fees, (2) that the commissioner abused her discretion in awarding fees without finding that defendant was responsible for unreasonable delay, and (3) that there was no evidentiary basis for the award of fees. We affirm.

In 1984, plaintiff worked for defendant as a riveter, but was transferred to the transformer room when defendant experienced an employee shortage there. The new job required heavy lifting and repetitive handwork. After the transfer, a ganglion was discovered on plaintiff's right wrist and was surgically removed. Subsequently, plaintiff underwent further wrist surgery, most recently in 1989. Plaintiff also has received extensive treatment for headaches and neck and shoulder pain caused by a cervical spine injury. Defendant paid plaintiff's medical expenses related to the wrist injury, not including the 1989 surgery, but discontinued disability compensation in 1987.

After a workers' compensation hearing in 1989, the commissioner found that plaintiff's wrist injury was caused by her work for defendant, and that the work had caused or aggravated her back and neck problems. The commissioner did not find that plaintiff's headaches, related to a jaw disorder, arose from her work. The commissioner ordered defendant to pay temporary total disability payments for the wrist injury and permanent partial disability payments for the spine injury. The commissioner also awarded plaintiff attorney's fees totaling twenty percent of the award, excluding payments related to the 1989 wrist surgery, not to exceed $3,000. The award of attorney's fees is the basis of this appeal.

■ Title 21 V.S.A. § 678(a) authorizes the commissioner to award reasonable attorney's fees to prevailing claimants in workers' compensation cases.[1] Defendant argues that this authorization violates Chapter I, Article 7 of the Vermont Consti-

---

[1] 21 V.S.A. § 678(a) provides:

> (a) Necessary costs of proceedings under this chapter shall be assessed by the commissioner against the employer or its workers' compensation carrier when the claimant prevails. The commissioner may allow the claimant to recover reasonable attorney fees when he prevails. Costs shall not be taxed or allowed either party except as provided in this section.

tution because it creates an economic preference to a specified group of individuals. Article 7 provides "[t]hat government is, or ought to be, instituted for the common benefit, protection, and security of the people . . . ." This language offers citizens protection from unjustifiable government discrimination in a manner similar to that of the Fifth and Fourteenth Amendments to the United States Constitution. Defendant concedes that § 678(a) most likely would withstand scrutiny under the Fourteenth Amendment, but urges a broader reading of Article 7 that would strike down the statute as granting an unconstitutional economic advantage to employee-claimants. Defendant is correct that the Vermont Constitution is freestanding and may require this Court to examine more closely distinctions drawn by state government than would the Fourteenth Amendment. *State v. Ludlow Supermarkets, Inc.*, 141 Vt. 261, 267–68, 448 A.2d 791, 794–95 (1982). In this case, however, equal protection is not violated under either the federal or state constitution.

■■ This Court recently held that 21 V.S.A. § 678(b), which entitles prevailing workers' compensation claimants to attorney's fees in appeals to superior courts or the Supreme Court, does not violate equal protection of the laws. *Fleury v. Kessel/ Duff Constr.*, 149 Vt. 360, 361–63, 543 A.2d 703, 704–05 (1988). We are persuaded that the rationale of *Fleury* extends to § 678(a), which differs from § 678(b) only in that it applies to an earlier stage of workers' compensation cases. Absent a suspect classification or violation of a fundamental right,[2] a legislative distinction is valid under both the federal and Vermont constitutions if it rationally furthers a legitimate public purpose. *Choquette v. Perrault*, 153 Vt. 45, 51, 569 A.2d 455, 458–59 (1989); *Fleury*, 149 Vt. at 361, 543 A.2d at 704. The workers' compensation statute is remedial and is to be construed broadly to further its purpose of making employees injured on the job whole. *Montgomery v. Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644,

---

[2] We reject defendant's argument that the fee provision of § 678(a) violates a fundamental right guaranteed by Chapter I, Article 4 of the Vermont Constitution. To be charged with attorney's fees is not to be forced to purchase justice, and this Court has stated, conversely, "that a denial of the right to recover attorney's fees . . . will prevent many individuals including workers' compensation claimants from having access to justice." *Fleury v. Kessel/ Duff Constr.*, 149 Vt. 360, 364, 543 A.2d 703, 705 (1988).

646 (1983). We are satisfied that the Legislature could reasonably have determined that the allocation of fees set out in § 678(a) furthers the purpose of workers' compensation because employers and their insurance carriers are better able to bear the expense of hearings than employees. *Fleury*, 149 Vt. at 363, 543 A.2d at 705. Section 678(a) is thus constitutionally justified.

■ Defendant next argues that plaintiff should not have been awarded attorney's fees because she did not prevail on all her claims. Although the Legislature did not define "prevail" in the workers' compensation statute, we are not troubled by any ambiguity. In her hearing before the commissioner, plaintiff was awarded additional compensation for her wrist injury, compensation for her spine injury, and attorney's fees. She was denied relief for her jaw disorder. On this record, we are satisfied that plaintiff "prevailed," as the word is used in § 678(a). The Court will not attempt to construe a term whose meaning is obvious within the context of a statute. *Vincent v. Vermont State Retirement Bd.*, 148 Vt. 531, 535-36, 536 A.2d 925, 928 (1987).

■ Defendant also argues that the commissioner abused her discretion by awarding fees solely on the basis that plaintiff had prevailed and was not responsible for any delay. Defendant accurately cites authority illustrating that the principal objective of the fee provisions of § 678 has been to prevent defendants, not claimants, from causing unreasonable delay and unnecessary expense in workers' compensation cases. *Morrisseau v. Legac*, 123 Vt. 70, 79, 181 A.2d 53, 59 (1962). Defendant argues that this rationale is controlling and, therefore, the commissioner should not have awarded fees absent a showing that its defense caused unreasonable delay or unnecessary expense. We decline to lay this requirement on top of the statute as it is written. Section 678(a) provides that the commissioner "may allow the claimant to recover reasonable attorney fees when he prevails." This language gives considerable discretion to the commissioner. Defendant may be correct that to award fees when a defendant has not caused unreasonable delay may undercut the deterrence of a defendant's delay tactics; however, we believe that such an award is consistent with the statute's underlying purpose to make claimants whole and is within the discretion of the commissioner.

Finally, defendant challenges the commissioner's award of fees on the basis that plaintiff offered no evidence to support the award. The determination of "reasonable attorney fees" lies within the commissioner's discretion, but counsel has the burden of providing evidence to justify an award. See *Bruntaeger v. Zeller*, 147 Vt. 247, 254, 515 A.2d 123, 128 (1986). When an award of attorney's fees is not supported by the evidence, it cannot stand, *Fine Foods, Inc. v. Dahlin*, 147 Vt. 599, 605–06, 523 A.2d 1228, 1232 (1986), unless the award is not large and can be calculated in light of a court's experience and knowledge. *Gokey v. Bessette*, 154 Vt. 560, 567, 580 A.2d 488, 493 (1990). We think the commissioner can calculate reasonable fee awards under such circumstances, and we uphold her decision herein. We note that the commissioner calculated the award to plaintiff on a percentage basis and that the the award was not to exceed $3,000. These limitations bolster our conclusion that the award was within the commissioner's sound discretion.

*Affirmed.*