## David Miller v. IBM and Liberty Mutual Insurance Company

[659 A.2d 1126]

No. 94-266

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 24, 1995

*Roger E. Kohn* and *Beth DeBernardi* of *Kohn & Rath*, Hinesburg, for Plaintiff-Appellant.

*Keith J. Kasper* and *Hal Goldman* of *McCormick, Fitzpatrick & Mertz, P.C.*, Burlington, for Defendant-Appellee.

**Dooley, J.** Plaintiff David Miller appeals, challenging as inadequate an award of attorney's fees, following a successful workers' compensation claim against defendant. The Commissioner of Labor and Industry (Commissioner) awarded plaintiff attorney's fees in accordance with Workers' Compensation Rule 10 (WC Rule 10), which caps

these fees at $35 per hour. On appeal, plaintiff argues that the hourly rate limit in WC Rule 10 is invalid.[1] We affirm.

█ We first consider plaintiff's argument that WC Rule 10 is not valid. Two statutes bear on this argument.[2] The primary statute is 21 V.S.A. § 678(a), which provides in pertinent part: "The commissioner may allow the claimant to recover reasonable attorney fees when he prevails." Also relevant is § 602, which authorizes the Commissioner to issue rules: "All process and procedure under the provisions of this chapter shall be as summary and simple as reasonably may be. The commissioner may make rules not inconsistent with such provisions for carrying out the same . . . ." The Commissioner claims that WC Rule 10 is authorized by § 602 and is consistent with § 678(a). Plaintiff argues that the rule is inconsistent with § 678(a) because the rate allowed is not "reasonable." We agree with the Commissioner's position.

█ We must first consider plaintiff's argument that we have already decided this case in his favor in *Jackson v. True Temper Corp.*, 156 Vt. 247, 590 A.2d 891 (1991). *Jackson* considered a fee award at an hourly rate of $75 made by the superior court for a case that went from the Commissioner to the superior court and then to this Court. The fee award covered work done by the attorney in each administrative and court forum, and the defendant argued that WC Rule 10 governed an award for the attorney's hours irrespective of the forum in which the work was done. We rejected this argument, holding that subsection (b) of § 678 governed an award for attorney's work done in the superior and supreme courts and that the subsection authorized the superior court to determine a reasonable rate without regard to the Commissioner's limit. *Id.* at 250, 590 A.2d at 893. We affirmed the award of $75 per hour for that part of the lawyer's work.

---

[1] Plaintiff also argues that WC Rule 10 should be interpreted to allow a higher rate when evidence is presented that $35 per hour is unreasonable. Plaintiff has not suggested that this result can be reached from the wording of the regulation. Instead, he is claiming that the authority to allow a higher rate must be implied to avoid conflict with 21 V.S.A. § 678(a). We consider this argument to be a variation of the basic argument that the rule is invalid because it is in contravention of the statute, and do not consider it separately.

[2] Defendant argues that claimant cannot challenge the validity of WC Rule 10 in this proceeding, but must instead seek a rule change under 3 V.S.A. § 806 or a declaratory judgment under 3 V.S.A. § 807. In our discretion, we have reached the merits and have not considered defendant's jurisdictional arguments.

■ We did not, however, affirm the award for the work done before the Commissioner. For that work, we stated "Rule 10 is at least a starting point for a determination of the appropriate hourly rate for attorney time spent on the proceedings before the Commissioner." *Id.* We went on to hold that the amount of fees for such proceedings "should be determined, in the first instance, by the Commissioner," *id.*, and remanded for such a determination.

We acknowledge that our description of the fee limits in WC Rule 10 as "at least a starting point" suggested that the limits were not always determinative. We think, however, that the language was used to keep open the exact issue raised in this case, rather than to point to its resolution. Thus, we do not find that *Jackson* is determinative of this case.

■ In considering the validity of WC Rule 10, we must first emphasize the limited standard of review. Rules are "prima facie evidence of the proper interpretation" of the enabling legislation. See 3 V.S.A. § 845(a). They enjoy a presumption of validity and are valid if they are reasonably related to the purposes of the enabling act. *Vermont Ass'n of Realtors v. State*, 156 Vt. 525, 530, 593 A.2d 462, 465 (1991). Further, "absent compelling indication of error," we accept the construction of a statute made by the administrative agency responsible for its implementation. *In re Twenty-Four Vermont Utilities*, 159 Vt. 339, 361, 618 A.2d 1295, 1308 (1992).

Plaintiff has two main arguments why, despite the deference we must pay to the Commissioner's action, the rule is nonetheless invalid. First, he argues that the rule is not reasonably related to the remedial purpose of the fee statute "of making employees injured on the job whole." *Hodgeman v. Jard Co.*, 157 Vt. 461, 464, 599 A.2d 1371, 1373 (1991). Second, he argues that the Commissioner's interpretation of the statute is inconsistent with how we have construed the term "reasonable attorney fees." In particular, he argues that we have held that the question of the reasonableness of a fee is one of fact to be determined by various factors, including usual and customary rates for similar work, the difficulty of the work, and the amount of time and labor required. See *Parker, Lamb & Ankuda, P.C. v. Krupinsky*, 146 Vt. 304, 306-07, 503 A.2d 531, 532-33 (1985). This interpretation of "reasonable attorney fees" focuses on how to determine a reasonable fee absent a contractual specification of the fees to be charged or when the fee agreement is contested. See *id.* at 306, 503 A.2d at 532; see also *Bruntaeger v. Zeller*, 147 Vt. 247, 254-55,

515 A.2d 123, 128 (1986) (attorney's bill, listing work performed, total time, and hourly rate insufficient to assess reasonableness of fee).

In support of these arguments, plaintiff points out that the $35-per-hour limit was adopted in 1980, and that inflation has effectively lowered the cap. Thus, he argues, if the limit provided reasonable fees in 1980, it no longer does so.

■■ Although plaintiff's points are well taken, we cannot conclude that they show the rule is invalid. The statute may have multiple purposes. Thus, our first examination of an earlier version of the statute concluded: "Its main purpose was to discourage unreasonable delay and unnecessary expense in the enforcement or defence of that class of claims." *Kelley v. Hoosac Lumber Co.*, 96 Vt. 153, 157, 118 A. 520, 522 (1922); see also *Morrisseau v. Legac*, 123 Vt. 70, 79, 181 A.2d 53, 59 (1962) (restating *Kelley* after statute was amended to allow fees only to claimant). The statute does not impose any limit on the fees an attorney may charge the client. Instead, the statute and the rule impose a limit on the amount of the claimant's attorney's fees which may be shifted to the employer. Although the statute directs the Commissioner to award costs when the claimant prevails, it provides only an authorization that the Commissioner "may" award attorney fees. 21 V.S.A. § 678(a). Thus, we have held that the Commissioner has "discretion" under the section. See *Hodgeman v. Jard*, 157 Vt. at 466, 599 A.2d at 1374. In *Hodgeman* we upheld an award of fees in part because it was based on a percentage of recovery but contained a dollar limit. See *id.*

We also note that other jurisdictions have adopted regulatory and statutory provisions that cap "reasonable" attorney fees. See Del. Code Ann. tit. 19, § 2127(a) (1985) (reasonable attorney's fee not to exceed 30% of the award or $2250, whichever is smaller); N.J. Stat. Ann. § 34:15-64 (West 1988) (award of reasonable attorney fee not to exceed 20% of judgment). The cap is not seen as inconsistent with the requirement that the fee be reasonable. See *Baghini v. District of Columbia Dep't of Empl. Servs.*, 525 A.2d 1027, 1030 (D.C. 1987).

Moreover, even those jurisdictions that cap fees attorneys may charge clients do not find that the cap discourages competent attorneys from representing workers' compensation claimants. For example, the Supreme Court of Idaho upheld a rule limiting most attorney fees to 25% of new money awarded to the claimant, holding that the rule was rationally related to the purpose of fostering sure and certain relief for injured workers, and did not prejudice the ability of injured employees to obtain legal counsel. *Rhodes v.*

*Industrial Comm'n*, 868 P.2d 467, 470-71 (Idaho 1993); *see also Edmond v. Ten Trex Enters., Inc.*, 575 A.2d 1267, 1272 (Md. Ct. Spec. App. 1990) (limiting fee to be charged to client to percentage of award is not miserly and does not hinder effective representation of claimants, given seeming abundance of attorneys representing claimants).

We conclude that the cap is reasonably related to the purpose of avoiding "unnecessary expense in the enforcement or defense" of claims. Like health plan copayment requirements, it encourages wise use of the service involved because some percentage of that service may be borne by the claimant. On the other hand, it does not make this service unavailable to any claimant. We do not find "compelling indication of error" in the Commissioner's interpretation of reasonableness in light of the cost-shifting policy involved.

We recognize that a fee rate that once was reasonable can become unreasonable over time. Beyond plaintiff's assertion that inflation must be resulting in lower percentages of fees being borne by employers, we have no evidence of the effect of the fee limit. Further, it appears that the Commissioner has amended the regulation, without changing the limit, and thus has considered its effect.[3] See *Edmond v. Ten Trex Enters., Inc.*, 575 A.2d at 1272. We cannot conclude on this record that the rule has become unreasonable in violation of the statute.

*Affirmed.*

---

[3] Plaintiff has supplied us the version of WC Rule 10 in effect from 1986 to 1993, and a new version adopted in 1993. In response to a question at oral argument, defendant supplied the history of a 1994 proposal to amend the rule. Plaintiff has objected to this history as outside the record. We have not considered the additional history supplied by defendant.