2007 VT 56

Herbert SARGENT v. TOWN OF RANDOLPH FIRE DEPARTMENT and Liberty Mutual Insurance

[928 A.2d 525]

No. 06-179

¶ 1. June 14, 2007. Herbert Sargent appeals the Commissioner of Labor's denial of attorney's fees and costs for proceedings before the Commissioner. Mr. Sargent was unsuccessful in his claim for permanent total disability benefits before the Commissioner, but he prevailed on that claim after a jury trial in superior court. The employer paid attorney's fees and costs for the superior court proceedings, and the superior court remanded the case to the Commissioner for a consideration of fees and costs expended to present the case to the Commissioner. The Commissioner denied attorney's fees and costs, relying on 21 V.S.A. § 678. We hold that the Commissioner erred in interpreting the workers' compensation statute. Therefore, we reverse and remand the Commissioner's decision.

¶ 2. In 1997, claimant was injured on the job while volunteering for the Town of Randolph Fire Department. As a result of the injuries, Mr. Sargent sought permanent total disability benefits. At a hearing before the Commissioner on April 4, 2002, claimant offered written medical records, vocational rehabilitation records, and expert testimony from doctors. The Commissioner denied permanent total disability benefits, ordered vocational rehabilitation services to resume and granted claimant a 10% impairment rating for the spine injury and a 16% psychological impairment rating. Claimant submitted a timely request for attorney's fees and costs pursuant to Workers' Compensation Rule 10.4000. The request included 382.8 hours of attorney time, 12.9 hours of paralegal time, and $4,775.84 in

costs incurred before the Commissioner. The Commissioner denied claimant's request for attorney's fees and costs because she found claimant had not prevailed in his claim for permanent total disability benefits.

¶ 3. Claimant appealed to the Washington Superior Court in November 2002 pursuant to 21 V.S.A. § 670. The certified questions for retrial by the superior court were the same as the issues presented to the Commissioner, specifically: "was Herbert Sargent permanently totally disabled as a result of his work-related injury, and if Mr. Sargent was not permanently totally disabled, what was the extent of his permanent partial impairment as a result of his work-related injury?"

¶ 4. Following trial in superior court, the jury found that claimant was entitled to permanent total disability benefits. In a judgment order dated July 13, 2005, the trial court confirmed the jury's verdict and ordered judgment against defendants in the amount of $40,000.00 for reasonable attorney's fees incurred for the trial.

¶ 5. Claimant then filed a motion before the Commissioner to recover attorney's fees and costs originally incurred before the Commissioner. Defendants opposed the motion, arguing that the request should have been made in the appeal to the trial court, and more importantly that claimant was not entitled to fees and costs because he had not prevailed before the Commissioner. Defendants also argued that claimant had advanced a different reason for his permanent total disability at trial than he had in the hearing before the Commissioner. At trial claimant called two new expert witnesses and did not call any of his treating physicians. The Commissioner denied claimant's motion ruling that "[b]ecause the claimant did not 'prevail' at this level, he is not entitled to the fees incurred for the work performed here." The ruling did not address whether the motion was timely made. Claimant appeals.

¶ 6. We first address the issue of timeliness. Defendants assert that claimant's motion for attorney's fees was untimely because he did not appeal the Commissioner's original denial of fees to the superior court. Claimant contends that he could not raise the issue of attorney's fees in the superior court because he had not yet prevailed. See 21 V.S.A. § 678(a), (b) (providing for award of attorney's fees if claimant prevails before various tribunals).

¶ 7. This Court has recognized that "[a] number of federal and state cases have held that a request [for attorney's fees] made after a party prevails on appeal is timely." *Fleury v. Kessel/Duff Constr.*, 156 Vt. 406, 411, 592 A.2d 904, 906 (1991) [hereinafter *Fleury III*]. The request here was made shortly after claimant prevailed in superior court on his claim for permanent total disability. As is discussed herein, the statutory scheme provides the appropriate process for seeking attorney's fees and costs after claimant is successful in court. We hold that the motion for attorney's fees after the superior court trial was timely.

¶ 8. Our review in workers' compensation cases is "limited to a review of questions of law certified . . . by the commissioner." 21 V.S.A. § 672. The Commissioner certified the following questions: "Did the Department abuse its discretion in denying Claimant's request for attorney fees for work performed at the administrative level? Is Claimant entitled to costs incurred at the administrative level when he does not prevail at that level but later prevails on his claim in Superior Court?"[*]

¶ 9. We afford substantial deference to the Commissioner in reviewing the Com-

---

[*] We omit certified question number one because our response to questions number two and three makes it irrelevant.

548

missioner's interpretation of the workers' compensation statute. "Absent compelling indication of an error, interpretation of a statute by an administrative body responsible for its execution will be sustained on appeal." *Bedini v. Frost*, 165 Vt. 167, 169, 678 A.2d 893, 894 (1996). Furthermore, "we will not disturb a discretionary decision by an administrative agency unless the decision demonstrates the agency abused its discretion." *Butler v. Huttig Bldg. Prods.*, 2003 VT 48, ¶ 9, 175 Vt. 323, 830 A.2d 44. However, "we will not affirm an interpretation that is unjust or unreasonable." *Clodgo v. Rentavision, Inc.*, 166 Vt. 548, 550, 701 A.2d 1044, 1045 (1997). "We look to the whole statute, its effects and consequences, and the reason and spirit of the law to determine whether the Commissioner's interpretation conflicts with the Legislature's intent." *Id.*

¶ 10. The statute that governs attorney's fees and costs in workers' compensation cases reads in relevant part:

> (a) Necessary costs of proceedings under this chapter shall be assessed by the commissioner against the employer or its workers' compensation carrier when the claimant prevails. The commissioner may allow the claimant to recover reasonable attorney fees when the claimant prevails. . . .

> (b) In appeals to the superior or supreme courts, the claimant, if he or she prevails, shall be entitled to reasonable attorney's fees as approved by the court . . . .

21 V.S.A. § 678. The Commissioner interpreted subsection (a) to mean that claimant could seek costs and fees only when the claimant prevails *before the Commissioner*. Because claimant here did not prevail at the Department level, but prevailed only in the superior court, the

Commissioner denied him attorney's fees and costs.

¶ 11. Defendants and the Commissioner rely on the second *Fleury v. Kessel/Duff Construction Co.* opinion to support their position. 149 Vt. 360, 543 A.2d 703 (1988). In the relevant portion of that case, the claimant, who had succeeded both before the Commissioner and on appeal in the superior court, appealed the special master's report because it did not recommend an award of attorney's fees for representation before the Commissioner. *Id.* at 361, 543 A.2d at 703. We held that we could not "interpret subsection (b) as allowing this Court to award attorney's fees for representation before the Commissioner *where the claimant has prevailed before the Commissioner*." *Id.* at 364-65, 543 A.2d at 706. The Court also noted, "[w]e do not address, as not before us, the situation where the claimant does not prevail before the Commissioner but wins on appeal." *Id.* at 365 n.3, 543 A.2d at 706 n.3. Basically, we refrained from determining the entitlement to, or amount of, attorney's fees to be awarded for legal work before the Commissioner.

¶ 12. While the statute authorizes the superior court or this Court to award attorney's fees to a successful claimant in a case before it, 21 V.S.A. § 678(b), neither the statute nor our case law would allow a court, on appeal, to determine a request for attorney's fees for services rendered at the Department level. See *Coleman v. United Parcel Serv.*, 155 Vt. 646, 647, 582 A.2d 151, 153 (1990) (mem.). That does not end the matter, however. Section 671 creates a specific mechanism for the Commissioner to decide a motion for attorney's fees and costs upon a claimant's successful appeal to the superior or supreme courts. 21 V.S.A. § 671.

¶ 13. Section 671 provides that, "upon completion of the case in superior court, either after trial or upon remand from the supreme court, the clerk shall certify the

findings of the court to the commissioner who shall thereupon make a new order in accordance therewith . . . . Such new order shall have all the force and effect of an award made pursuant to the provisions of sections 663, 664 and 665 of this title and shall supersede the award previously made by such commissioner." *Id.* § 671. Thus, after retrial or appeal, claimant's success in the superior court or in this Court becomes success before the Commissioner. The Commissioner failed to consider § 671 in denying claimant's request for costs and attorney's fees.

¶ 14. We addressed a situation like the one presently before us in *Jackson v. True Temper Corp.*, 156 Vt. 247, 590 A.2d 891 (1991). In that case, the defendant prevailed before the Commissioner, and the claimant appealed to the superior court. *Id.* at 248, 590 A.2d at 892. The claimant prevailed in court, and the court awarded attorney's fees at the rate of seventy-five dollars per hour for representation both before the Commissioner and before the appellate court. *Id.* The defendant appealed the award of attorney's fees, arguing that attorney's fees were capped at thirty-five dollars per hour by a Department of Labor rule. *Id.* at 248-49, 590 A.2d at 892. We held that the superior court was free under 21 V.S.A. § 678(b) to award attorney's fees at a reasonable hourly rate for work done before the court. *Id.* at 249, 590 A.2d at 893. "Attorney's fees for the work at the administrative level," however, "should be determined, in the first instance, by the Commissioner." *Id.* at 250, 590 A.2d at 893. We remanded the case to the Commissioner to consider that portion of the award under § 678(a). *Id.*

¶ 15. The Commissioner's decision on attorney's fees and costs must be reversed. As *Jackson* indicates, § 678(a) does not prohibit the Commissioner from awarding attorney's fees in cases where the claimant has lost before the Commissioner but prevailed on appeal. Rather,

the statutory scheme, as shown in § 671, requires the Commissioner to treat the claimant's success at trial or on appeal as success before the Commissioner. Although the Commissioner's statement of the questions on appeal suggest that she exercised discretion in declining to award attorney's fees, it is clear from her decision that she exercised no discretion and ruled that she could not award fees as a matter of law. The Commissioner failed to appreciate that she had discretion to consider the merits of claimant's attorney's fees request for the work at the administrative level. Claimant herein has prevailed and may seek reasonable attorney's fees for work done at the Commissioner level. Nevertheless, "we are unwilling to compel the Commissioner to award attorney's fees pursuant to 21 V.S.A. § 678(a). The statute makes clear that such an award is within the Commissioner's discretion." *Fleury III*, 156 Vt. at 412, 592 A.2d at 906; see also *Hodgeman v. Jard Co.*, 157 Vt. 461, 465, 599 A.2d 1371, 1373 (1991) (holding that award of reasonable attorney's fees by Commissioner was not an abuse of discretion). Accordingly we remand the request to the Commissioner for consideration on the merits of the claim.

¶ 16. Unlike the discretion afforded the Commissioner regarding attorney's fees, the statute mandates that the Commissioner award costs where the claimant prevails: "Necessary costs of proceedings under this chapter *shall* be assessed by the commissioner against the employer or its workers' compensation carrier when the claimant prevails." 21 V.S.A. § 678(a) (emphasis added). The distinction was made clear in *Miller v. IBM*, 163 Vt. 396, 400, 659 A.2d 1126, 1128 (1995), where we held that although 21 V.S.A. § 678(a) directs the Commissioner of Labor to award costs when the claimant prevails, it provides only an authorization that the Commissioner may award attorney's fees so that the Commissioner has discretion

under the section. The Commissioner erred in denying the claimant costs, and that portion of the decision must be reversed.

*The Commissioner's decision on costs is reversed and the Commissioner is directed to award claimant necessary costs of the proceeding before the Department. The attorney's fee portion of the case is remanded to the Commissioner to consider whether attorney's fees should be awarded to the claimant as the prevailing party.*