915 A.2d 750 (2006)
2006 VT 123
Georgina PEREZ
v.
TRAVELERS INSURANCE AS INSURER FOR AMES DEPARTMENT STORES, INC.
No. 2005-104.
Supreme Court of Vermont.
November 17, 2006.
*751 Ronald A. Fox of Biggam Fox & Skinner, Montpelier, for Plaintiff-Appellant.
William C. Dagger of Dagger Law Offices, Woodstock, for Defendant-Appellee.
Present: REIBER, C.J., DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.
*752 JOHNSON, J.
¶ 1. Claimant in this workers' compensation case appeals the superior court's decision denying her request for attorney's fees and awarding only a portion of her costs. We affirm in part, reverse in part, and remand for further proceedings.
¶ 2. Claimant prevailed on her workers' compensation claim before the Commissioner of the Department of Labor and Industry, and prevailed again when defendant appealed the Commissioner's decision to the superior court. See 21 V.S.A. § 670 (permitting appeal to superior court in workers' compensation cases). The workers' compensation statute provides that a claimant who prevails in an appeal to superior court "shall be entitled to reasonable attorney's fees as approved by the court." 21 V.S.A. § 678(b). Accordingly, claimant submitted a motion for fees and costs.
¶ 3. In her motion, claimant set forth the statutory basis for the award and argued that the award should be calculated using the "lodestar" approach  multiplying the number of hours her attorney expended on the case by a reasonable hourly rate, and then adjusting that figure based on consideration of factors such as the difficulty of the legal issues in the case and the result obtained. See L'Esperance v. Benware, 2003 VT 43, ¶ 22, 175 Vt. 292, 830 A.2d 675 (explaining "lodestar" method of calculating attorney's fee award). The requested fees totaled $19,460.00, or 111.2 hours at $175 per hour. In support of the number of hours worked, claimant attached an affidavit from her attorney as well as her attorney's itemized billing records for the relevant time period. In support of a billing rate of $175 per hour, claimant attached affidavits from two other attorneys in private practice in Vermont with similar levels of experience,[1] who listed hourly rates for litigation at $175 and $250 per hour, respectively. Finally, claimant attached an invoice for various costs incurred in the case, totaling $4,893.12.
¶ 4. Defendant offered several arguments in opposing claimant's request. First, defendant argued that claimant's recovery of attorney's fees was limited to the amount owed her attorney under the contingent fee agreement ($6,176.25). Second, defendant argued that the requested rate of $175 per hour was not reasonable. Defendant asserted that claimant was required to provide supporting affidavits from practitioners who specialized in workers' compensation cases rather than in litigation generally. As an alternative, defendant proposed that the fee award be calculated at a rate of $90 per hour  the rate mandated by Workers' Compensation Rule 10 for fee awards arising from proceedings before the Commissioner. See 21 V.S.A. § 678(a) (providing for award of attorney's fees for proceedings before Commissioner where claimant prevails). Regarding the number of hours expended, defendant's only argument was the bare assertion "that 111.2 hours of professional time for involvement in preparation and trial of this claim is excessive and out of proportion to the issue and amount involved." Finally, defendant argued that, while costs were recoverable under § 678(a) for proceedings before the Commissioner, they were not authorized by *753 § 678(b), which pertains to proceedings in superior court. Defendant's opposition was not supported by affidavits or other evidence bolstering the contention that there was a different market for attorneys who specialized in workers' compensation practice. Neither did defendant offer its own billing records for comparison regarding the number of hours expended on the litigation, nor identify individual time entries by claimant's attorney that were unrelated to the litigation or redundant.
¶ 5. In its decision on claimant's request, the superior court acknowledged that "[t]here is no question that [claimant] is entitled to an award of reasonable attorney's fees," but denied claimant's request nonetheless, concluding that claimant had failed to "adequately establish[] that [her] claimed fees are reasonable." Specifically, the court faulted the attorney affidavits because they were not confined to workers' compensation practice, but addressed rates for litigation generally. The court concluded that there was "no basis on which to determine what a reasonable hourly fee should be in this type of case." The superior court further criticized the fact that some of the time entries were vague and failed to describe the purpose of various activities. The superior court cited In re S.T.N. Enterprises, 70 B.R. 823, 833 (Bankr.D.Vt.1987), for the proposition that "[i]t is incumbent upon counsel who plan to seek fees to keep detailed billing records reflecting precisely what their time is spent on." In light of these deficiencies, the superior court did not merely reduce the requested amount, but denied all of claimant's requested attorney's fees outright. The superior court granted claimant's request for costs in part, concluding that claimant was not entitled to all the costs covered by § 678(a), which only applies to proceedings at the administrative level, but that claimant could recover those costs routinely allowed in civil cases under V.R.C.P. 54(d) and 32 V.S.A. § 1471.
¶ 6. Claimant filed a motion to reconsider the ruling, arguing that V.R.C.P. 54(d)(2)(D) required the court to hold an evidentiary hearing or appoint a special master on the issue of attorney's fees. Claimant further argued that the submitted billing records and affidavits provided a sufficient basis for an award, but offered to provide additional detail to the billing records (by returning to look at notes and records made at the time) and to obtain additional affidavits from workers' compensation attorneys. The superior court denied the motion for reconsideration, concluding that claimant was simply seeking "a second bite of the apple," and that the additional evidence claimant proposed to offer could have been presented with the initial motion. The court reiterated its conclusion that the statute did not permit the recovery of all of claimant's costs, although the court did grant claimant's request on reconsideration that certain deposition costs be included. Claimant filed a motion to review the ruling on reconsideration, to which she attached a detailed and lengthy affidavit from a personal injury and workers' compensation attorney who reviewed the billing records in claimant's case and concluded that both the hours expended and the rate of $175 per hour were reasonable. This attorney further opined that the level of specificity in the attorney's time entries reflected "common billing practices for claimant lawyers in workers' compensation law in Vermont." The court denied this motion as well, citing the reasons stated in its ruling on the motion for reconsideration.
¶ 7. On appeal, claimant argues that the superior court erred in applying an overly strict and inapposite standard to claimant's documentation of her attorney's fees. Alternatively, claimant argues that if the *754 heightened standard applies, the superior court should have allowed claimant to supplement her supporting documentation to meet that standard. Claimant also argues that the superior court erred in concluding claimant was not entitled to recover certain of her costs.
¶ 8. While the superior court has substantial discretion in deciding the amount of an attorney's fee award, see Electric Man, Inc. v. Charos, 2006 VT 16, ¶ 6, 179 Vt. ___, 895 A.2d 193, the decision whether to award fees is more closely guarded. Vermont follows the "American Rule" of attorney's fees, under which parties to litigation are generally responsible for their own fees in the absence of a statute or agreement to the contrary. See Monahan v. GMAC Mortg. Corp., 2005 VT 110, ¶ 76, 179 Vt. 167, 893 A.2d 298. Departure from the "American Rule" is permitted only in exceptional circumstances. Id. Where there is a statutory fee-shifting provision, however, an award is mandatory. See, e.g., Electric Man, 2006 VT 16, ¶ 6, 895 A.2d 193. Accordingly, we conclude that the district court abused its discretion in denying all fees where claimant was admittedly entitled to a fee award by statute and where a reasonable award could have been determined on the evidence presented.
¶ 9. In the context of applying the attorney's fee provision of the Consumer Fraud Act, we have held that where a party is entitled to attorney's fees by statute, "it is not within the court's discretion to determine whether to award such fees, but rather its task is to determine what constitutes reasonable fees in each instance." L'Esperance, 2003 VT 43, ¶ 21, 175 Vt. 292, 830 A.2d 675 (citing Gramatan Home Investors Corp. v. Starling, 143 Vt. 527, 535-36, 470 A.2d 1157, 1162 (1983)). We noted in Gramatan that the purpose of the attorney's fee provision of the consumer fraud laws was to "encourage prosecution of individual consumer fraud claims." 143 Vt. at 536, 470 A.2d at 1162. In light of this policy purpose, we concluded that the superior court did not have discretion to deny an award outright. Id. at 535, 470 A.2d at 1162. Similarly, the attorney's fee provision at issue in this case shifts the burden of fees to the employer "to discourage unreasonable delay and unnecessary expense in the prosecution or defense" of workers' compensation claims. Morrisseau v. Legac, 123 Vt. 70, 79, 181 A.2d 53, 59 (1962) (describing "main purpose" of fee shifting under workers' compensation statute); see also Hodgeman v. Jard Co., 157 Vt. 461, 465, 599 A.2d 1371, 1373 (1991) (noting that § 678(a) shifts fees "because employers and their insurance carriers are better able to bear the expense of hearings than employees"). In light of the purposes of the fee-shifting provision, the superior court should have adjusted the amount that claimant requested to reflect a reasonable award under the circumstances rather than denying fees outright.[2]
¶ 10. Generally, in determining what constitute reasonable attorney's fees, courts should begin with what is referred to as the "lodestar" amount: "the number *755 of hours reasonably expended on the case multiplied by a reasonable hourly rate." L'Esperance, 2003 VT 43, ¶ 22, 175 Vt. 292, 830 A.2d 675. From this starting point, the court can "then adjust[] that fee upward or downward based on various factors," including "the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation." Id. Here, claimant submitted an itemized billing statement and affidavits from other attorneys providing a range of comparable billing rates. There was adequate evidence from which the superior court could have fashioned an award. See, e.g., id. ¶ 28, 830 A.2d 675 (affirming award of fees based on itemized billing statement and attorney affidavit supporting reasonableness of fees).
¶ 11. Nonetheless, the superior court concluded that it could not determine whether claimant's attorney had spent a reasonable number of hours on the case because the attorney's time entries were too vague. In reaching this conclusion, the court relied on S.T.N. Enterprises, a decision from the federal bankruptcy court. In that case, the party seeking attorney's fees was held to a very high standard of detail and accuracy in the submitted billing records. For example, the bankruptcy court required that a time entry for a telephone call "describe the substance of the communication, explain its outcome, and justify its necessity." 70 B.R. at 833. Further, under rules specific to bankruptcy proceedings, "[t]he time listed should be scrupulously accurate, and may not be billed in increments greater than one-tenth of an hour for professional services, nor one-twentieth (three minutes) for telephone calls." Id. at 832.
¶ 12. The standards applied in S.T.N. Enterprises are not applicable to attorney's fee awards under state law in Vermont. The context of an attorney's fee award in bankruptcy is very different: in bankruptcy proceedings, fees are not paid by the opposing party but by the estate, requiring the court to exercise greater oversight of billing practices. Id. at 832. Accordingly, "[a]n attorney representing a debtor in Chapter 11 must obtain the prior approval of the Court" for services performed and "[t]he Court will disallow any compensation to attorneys who provide services without the Court's prior approval." Id. at 831. Thus, the award of fees in the context of federal bankruptcy proceedings presents an entirely different set of concerns unique to that context. The standard of "hours reasonably expended on the case" necessarily incorporates a requirement that the work was in furtherance of the case. We see nothing lacking in our established rule.
¶ 13. For purposes of an award of attorney's fees under Vermont law, the touchstone is reasonableness. See Human Rights Comm'n v. LaBrie, Inc., 164 Vt. 237, 250, 668 A.2d 659, 668 (1995) ("Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims.") (quotation and citation omitted). Accordingly, time entries must be accurate and allow the court to assess whether the work performed was related to the litigation at issue, but they need not reach the level of detail and justification required in federal bankruptcy proceedings. The superior court at most should have reduced the fee award only by the specific number of hours listed for entries that the court concluded were not reasonably related to the litigation or redundant.
¶ 14. Regarding a reasonable *756 hourly rate for claimant's attorney,[3] the standard is relatively flexible and requires only that the party seeking fees provide a basis for comparing the rates requested to prevailing rates. See Fine Foods, Inc. v. Dahlin, 147 Vt. 599, 605, 523 A.2d 1228, 1232 (1986) (noting there is no fixed standard for determining a reasonable rate and listing factors to be considered, including prices charged by other attorneys for similar services and in the same vicinity). Here, the superior court adopted defendant's argument that claimant was required to present supporting affidavits from practitioners specializing in workers' compensation cases. Defendant did not offer any evidence suggesting that a practitioner specializing in workers' compensation law would be compensated differently from another litigator. The unchallenged evidence was that practitioners with a similar background and level of experience as claimant's attorney charged between $175 and $250 an hour.[4] Furthermore, these attorneys practiced personal injury law, as did claimant's attorney, which is a practice area logically related to workers' compensation. While the superior court had broad discretion to choose a reasonable rate, it was error to conclude that no reasonable rate could be determined in light of this evidence.
¶ 15. Besides the fact that claimant submitted affidavits in support of her requested billing rate  which defendant did not meet with counter-affidavits  defendant also conceded that the statutory rate of $90 per hour (mandated by rule and used to calculate awards at the administrative level) would be reasonable. Ordinarily such a concession would at a minimum establish the low end of the range of reasonable billing rates, but we have previously recognized that attorney's fee awards in workers' compensation claims before the superior court should not be limited to the rate established by Rule 10. See Jackson v. True Temper Corp., 156 Vt. 247, 249-50, 590 A.2d 891, 893 (1991). This distinction in billing rates for the different levels of proceedings is well-founded. While proceedings at the administrative level are relatively informal, in that they are not subject to evidentiary and other rules, proceedings in the superior court employ the full panoply of litigation skills. Further, workers' compensation cases require specialized skills related to presentation of medical claims, which are uniquely dependent on technical evidence. In light of this, it is appropriate to consider prevailing market rates for trial litigation  in particular litigation where the plaintiff's medical condition is the crux of liability  as a starting point for the fee award. In presenting affidavits from attorneys with similar levels of experience and who practiced in personal injury law, claimant addressed the relevant standard.
*757 ¶ 16. Claimant's submissions were adequate to provide the superior court with a basis to calculate a reasonable fee award in light of her unquestionable entitlement to such an award. We need not reach the issue of whether claimant was entitled to a hearing to present evidence tailored to the more stringent standard of S.T.N. Enterprises as we have held that the standard did not apply.
¶ 17. We do not find persuasive defendant's argument, made in passing, that claimant's award should be limited to the terms of the contingency fee agreement she entered into with her attorney. In the context of attorney's fee awards in civil rights litigation, we have held that the award to a plaintiff should be based on prevailing market rates, not the amount that the plaintiff actually paid to his or her attorney (in that case a nonprofit organization). LaBrie, 164 Vt. at 250, 668 A.2d at 668. Similarly, applying the "lodestar" method of calculation here "represents the reasonable worth of the services rendered in vindication" of claimant's position, and is therefore appropriate given the statute's goal of alleviating the cost of litigation for prevailing claimants. Id. (internal quotations omitted).
¶ 18. Claimant also argues that the superior court erred in concluding that § 678(b) does not entitle a claimant to recover costs in superior court. Because this ruling rests on interpretation of a statute, we review it de novo. Heffernan v. Harbeson, 2004 VT 98, ¶ 7, 177 Vt. 239, 861 A.2d 1149. There is no basis in the statutory language for awarding costs in superior courts or the Supreme Court beyond those normally allowed under V.R.C.P. 54(d). While § 678(a), which applies to the administrative level of workers' compensation proceedings, provides that "[n]ecessary costs of proceedings under this chapter shall be assessed by the commissioner against the employer or its workers' compensation carrier when the claimant prevails," there is no similar statement in § 678(b), the provision applicable to proceedings before the superior court.
The decision of the superior court is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
BURGESS, J., concurring in part and dissenting in part.
¶ 19. I agree that the issue of attorney's fees should be remanded, but only for a partial award at the undisputed statutory rate. While the trial court was correct in its assessment that some of the fees sought were inadequately supported, other times and activities described in the "Time Entry Report" submitted in support of claimant's Motion for Attorney's Fees appear reasonable on their face. For example, it is undisputed that this case involved a two day trial preceded by part of a day in jury draw, plus travel. The aggregate twenty-six hours reported as spent in those endeavors seem reasonable and are not contested.
¶ 20. Other entries, however, were not so apparently necessary. The trial court specifically found that it could not determine, from the utter lack of information provided, the relevance to case preparation of some of the time and work reported. Among other unsubstantiated items noted by the court were frequent entries for "file review" not reported in connection with any particular proceeding, pleading, or purpose, and a number of phone calls from the client, all amounting to over eight hours, without any indication whatsoever as to why these activities were necessary.
¶ 21. The majority reasons that the claimant's entitlement to "reasonable attorney's *758 fees" is at odds with the trial court's proposition that counsel seeking an award of fees should keep detailed and precise billing records. The majority finds this standard, borrowed from bankruptcy law, overly demanding for workers' compensation claims, but does not overcome the trial court's plain logic that, just because an activity occurred and is recorded does not "automatically" make it, as a matter of a prima facie showing, necessary to the litigation. Even if the bankruptcy standard is too stringent, it was still no abuse of discretion for the trial court to reject the wholly unexplained entries as not supported by any evidence. See Hodgeman v. Jard Co., 157 Vt. 461, 466, 599 A.2d 1371, 1374 (1991) ("The determination of `reasonable attorney fees' lies within the commissioner's discretion, but counsel has the burden of providing evidence to justify an award.").
¶ 22. It was not an abuse of discretion for the trial court to reject claimant's proffered hourly rate of $175.00. In her Motion for Attorney's Fees, claimant asserted that workers' compensation litigation is a "niche" practice, and that few attorneys take cases, like the instant one, to trial before the superior court on appeal de novo. Claimant conceded, in her Motion for Reconsideration, that she could have obtained affidavits about comparable hourly rates from other workers' compensation practitioners. Instead, claimant submitted affidavits of two attorneys, prepared for an entirely different case, who described their respective practices as personal injury, wrongful death, commercial litigation and white collar defense at an hourly rate of $250.00 for one; and civil, family, personal injury and criminal defense at an hourly rate of $175.00 for the other. Except that both affiants and claimant's counsel practiced "litigation" for approximately the same number of years, neither the motion nor the affidavits recite any substantial similarity between counsel's niche practice and the areas of litigation described in the affidavits.
¶ 23. "Litigation" is not a particularly clarifying descriptor. Any court proceeding involving contested evidence and legal rulings is litigation, but does not necessarily warrant an hourly rate of $175.00. The similarity claimed here was so broad as to be uninformative. Counsel and the attesting attorneys might as well have simply declared that they all practiced law in court. Nothing in the motion or in the affidavits indicated the comparative demands and complexities of this case and counsel's practice to the practices of the attesting attorneys.
¶ 24. We know there are dissimilarities. For example, litigation over personal injury, wrongful death and criminal culpability typically involves legal and factual issues of fault, while the right to workers' compensation is a matter of strict employer liability. Personal injury litigation can involve products-liability disputes over design, engineering, and manufacturing, while workers' compensation does not. Other civil and commercial litigation generally addresses disputes concerning interpretation and enforcement of deeds, contracts, leases, and debt, while workers' compensation law does not. Family court litigation focuses on dissolution and redistribution of families and their estates, all of which is foreign to workers' compensation practice. The litigation in the instant case could have been more or equally difficult than what is summarily categorized by the attorneys, but there is no reason to presume so based on the motion and the affidavits.
¶ 25. The majority is correct that claimant was entitled to attorney's fees, but the right does not make the proof. There is no fixed formula to determine the reasonableness *759 of attorney's fees, but "several factors must be considered," including "the nature and importance of the business, . . . the usual prices charged by other attorneys for similar services in the same vicinity[,] . . . the importance of the matter, and the responsibility assumed and carried." Fine Foods, Inc. v. Dahlin, 147 Vt. 599, 605, 523 A.2d 1228, 1232 (1986) (emphasis added). Nothing in the motion, or in the affidavits, touches on those topics. Absent evidence on those factors, it would have been error for the court to adopt an hourly rate of $175.00 as part of the lodestar figure advised by the majority. Id. (rejecting an award of attorney's fees when plaintiff failed to introduce evidence of reasonableness, and observing that "[e]vidence of this sort was not available to the court in the instant case because none was admitted"). Claimant failed to submit the evidence necessary to prove her point.[5]
¶ 26. I respectfully dissent from that portion of the remand requiring the court to set a reasonable hourly rate above the $90.00 statutory rate, and from the holding that compensable attorney's fees include time spent on activities merely relating, but not claimed or recorded in a manner reflecting reasonable necessity, to the litigation at issue. I concur in remanding for a calculation of attorney's fees, but at the conceded statutory hourly rate of $90.00 for those entries that can be determined as reasonably necessary to the litigation at issue.
NOTES
[1] One affiant has twenty-eight years of experience as an attorney, practices personal injury law, and charges $175 per hour for litigation services. The other affiant has thirty years of experience as an attorney, had served as an Assistant U.S. Attorney between 1973 and 1981, practices personal injury law, and charges $250 an hour for all types of litigation. Claimant's attorney has twenty-eight years of experience as an attorney, had served as a Deputy State's Attorney and Assistant Attorney General between 1973 and 1977, and practices personal injury law.
[2] While the dissent implies that claimant's entitlement to fees is not a sufficient basis for reversing the superior court's decision to make no award whatsoever, see post, ¶ 21, the dissent at the same time concedes that some form of appropriate award could have been fashioned on the basis of the evidence submitted. Thus, we are not faced today with a situation where a litigant is entitled to an award, but there is truly no basis for determining the amount of the award. Rather, the abuse of discretion occurred when the trial court did not attempt to find any reasonable rate. The trial court has broad discretion to set the rate as long as it is reasonably grounded in the evidence before it. Here, the evidence was disregarded for an untenable reason.
[3] The dissent states that "[i]t was not an abuse of discretion for the trial court to reject claimant's proffered hourly rate of $175.00." Post, ¶ 22. In fact, we do not conclude that this was an abuse of discretion. Rather, the abuse of discretion occurred when the trial court did not attempt to find a reasonable middle ground between claimant's proposed rate of $175.00 per hour and defendant's conceded rate of $90.00 per hour.
[4] The dissent emphasizes that the affidavits claimant submitted in support of a proposed hourly rate of $175.00 were "for an entirely different case." Post, ¶ 22. We note that defendant did not make any argument that workers' compensation litigation before a superior court differed materially from other forms of litigation, and there is nothing in the record to support this conclusion. While the precise subject matter of the litigation may vary, professional experience is an important element of a reasonable hourly rate, and therefore affidavits from attorneys with comparable levels of experience provide some useful guidance.
[5] The majority explains that $175.00 per hour is not necessarily the reasonable rate to be employed by the trial court in awarding attorney's fees, and expects the court to divine a rate between the agreed-upon floor of $90.00 and the unsubstantiated ceiling of $175.00. There was no other evidence presented, however, of prevailing rates for the court to consider, and no suggestion that the trial judge was independently familiar with lawyers' rates prevailing in these kinds of cases. On the same lack of evidence, this Court could decree an hourly rate just as inaccurately as the trial court, without the trouble of remand.