2009 VT 43

**James H. SPOONER v. TOWN OF TOPSHAM**

[973 A.2d 1202]

No. 08-236

¶ 1. May 4, 2009. Defendant Town of Topsham appeals from a judgment of the Orange Superior Court, based on a jury verdict, that defendant discriminated because of age in failing to hire plaintiff James Spooner to the position of road foreman, in violation of 21 V.S.A. § 495(a)(1). Defendant argues that the court erred: (1) in admitting testimony of an investigator for the Vermont Attorney General's office; (2) in failing to grant a new trial because of statements made by counsel for plaintiff; and (3) in failing to set aside the damage award. We affirm.

¶ 2. The basic facts are contained in our earlier decision in this case. See *Spooner v. Town of Topsham*, 2007 VT 98, ¶¶ 2-3, 182 Vt. 328, 937 A.2d 641. In summary, plaintiff and three other persons applied to defendant's three-member selectboard for the job of road foreman. On a divided vote, the board hired another applicant. Plaintiff alleged that the decision was made because the other applicant is much younger than he is, and he filed this action. The case went to trial before a jury, which found that "unlawful age discrimination [was] a substantial or motivating factor in [defendant's] decision not to hire" plaintiff and that defendant would not have reached the same decision absent the discrimination. The jury awarded damages of $241,116.

¶ 3. The first appeal issue involves the testimony of an investigator for the Attorney General's office, who performed an investigation of plaintiff's age-discrimination complaint and found probable cause to proceed. Once defendant learned that

plaintiff intended to call the investigator as a witness, it filed a motion in limine seeking to exclude any testimony from this witness. The court excluded the investigator's report, the conclusion of the Attorney General on the complaint, and defendant's answer, but did not exclude the witness. Defendant argues that the court should have excluded the witness because the testimony was cumulative and prejudicial.

¶ 4. In a post-judgment decision on the motion for a new trial, the trial court rejected this argument because defendant failed to object to the testimony at trial. Relying upon the 2004 amendment to Vermont Rule of Evidence 103(a), defendant argues that the court made a pretrial "definitive ruling" admitting the evidence so that it did not have to "renew an objection" at trial to preserve the claim of error on appeal. See Reporter's Notes, V.R.E. 103 (Supp. 2008). Defendant claims that the court accepted this procedure when defense counsel said in chambers "I don't need to restate my objections to — on Mr. Powers when he takes the stand, your Honor. . . . I'll just — it's — I continue to object for reasons I stated earlier." However, the trial court made *no* pretrial ruling on defendant's request that the investigator's testimony be excluded, much less a definitive ruling. Thus, defendant was required to object in the trial. See V.R.E. 103(a) (stating that error may not be predicated on admission of evidence unless a party's rights are substantially affected and a specific and timely objection was made and ruled on by the trial court). We take defense counsel's statement in chambers as going to how, and in how much detail, he would phrase his objection, and not to whether he was excused from making *any* objection. In any event, it was defense counsel's obligation to obtain a ruling from the court, and he did not do so.

¶ 5. Although the trial court's primary ground for denying defendant's motion

for a new trial was nonpreservation, it also ruled that the evidence was admissible. The testimony of the investigator concerned the answers given by two selectmen regarding why they hired the alternative applicant. To set the context for that testimony, the witness also testified that he was an employment discrimination investigator and that he was investigating plaintiff's age-discrimination complaint when he asked the questions. The court ruled that the testimony was probative "to hear what the Town officials had said about their decision at that time, and the fact of the investigation was relevant to explain the context." The court did not view the testimony as "cumulative or unduly prejudicial under V.R.E. 403." We affirm that decision as within the court's broad discretion. See *Quirion v Forcier*, 161 Vt. 15, 21, 632 A.2d 365, 369 (1993) ("The trial court has broad discretion in ruling on [V.R.E.] 403 questions, and review here is only for abuse of discretion."). The court could find that any prejudicial effect from the jury's knowledge of the Attorney General's investigation was very limited since they did not know the result of that investigation. Meanwhile, the answers given by the selectmen, even if similar to the answers given in their depositions, were probative in light of the testimony of one selectman, given for the first time at trial, that he would not have selected plaintiff even if age were not a factor.

¶ 6. Defendant next asserts that the judgment should be reversed because of improper statements that plaintiff's counsel made during voir dire, his opening statement, and his closing argument. Defendant cites two statements by plaintiff's counsel during voir dire. In one, without objection, plaintiff's counsel described a case in which women were disqualified from employment as firefighters because they could not carry items of a certain weight up a ladder. In the second statement, he noted that an employer could

not hire an employee because he is "more attractive," and started to describe such a case when defense counsel objected and the court ruled the case description improper. In his opening statement, plaintiff's counsel began to compare the discrimination in this case to that which he observed "in 1975, when two black people came in and said that they tried (unclear)." Defense counsel's objection interrupted the statement, and the judge ruled the argument improper. Later in the opening statement, plaintiff's counsel said "the reason we have these laws is [so] we don't throw people like [plaintiff] away." There was no objection to this statement. Finally, in closing argument, plaintiff's counsel said that in making hiring decisions an employer could not decide "somebody is all washed up" and treat "people as if they were disposable soft drink cans." Defendant did not object to these statements at trial. Also in closing argument, plaintiff's counsel asserted that defendant appeared surprised by the trial testimony of one of its witnesses and "[d]efendant's counsel actually got up." The court sustained an objection to that comment.

¶ 7. In three of the six instances cited, defendant never objected to the statements of plaintiff's counsel. Defendant asserts here that we should review the propriety of these statements for plain error. As we recently summarized in *Follo v. Florindo*, 2009 VT 11, ¶ 16, 185 Vt. 390, 970 A.2d 1230, we allow plain error review in civil cases in only very limited circumstances — where the asserted error is a violation of fundamental rights or where a liberty interest is involved. These circumstances are not present here. Because of defendant's failure to contemporaneously object at trial and because the circumstances that permit appellate plain-error review are not present, defendant waived these issues and cannot obtain review here.

¶ 8. Our ruling is the same, for similar reasons, with respect to the three instances in which defendant did register an objection. In each instance, the objection was sustained, and defense counsel sought no further remedy. In criminal cases, we have held that the failure to seek a further remedy at the time an objection is sustained is a waiver and that any appellate review is only for plain error. See *State v. Turner*, 145 Vt. 399, 403-04, 491 A.2d 338, 340-41 (1985) (where the defendant objected to a question posed to a witness and the court sustained the objection, the defendant waived any claim of error because the defendant did not ask for a curative instruction or a mistrial). As discussed above, plain error review is available in civil cases in only limited circumstances, which are not present here. Since plain error review is unavailable in this case, we cannot review defendant's claims of error.

¶ 9. Defendant's final claims of error relate to the damage award, which was equal to the maximum amount testified to by plaintiff's economist expert witness. Defendant argues that the amount should have been reduced by (1) the amount of income plaintiff received, but did not report on his income taxes, (2) by an uncertain amount because plaintiff failed to mitigate his damages, and (3) by another uncertain amount to reflect that plaintiff would have worked a shorter period at the road foreman job. Defendant also complains that the jury may have awarded plaintiff attorney's fees despite the instruction not to do so.

¶ 10. On its first point with respect to damages, defendant argues that defense counsel showed in cross-examination that plaintiff received some undeclared income, but the income was not included in the economist's calculation of plaintiff's resulting damages. The cross-examination testimony included no detail of the amount of money received, the time period for which the income was received, or the expenses incurred to generate the money. Thus, it would have been entirely

speculative for the jury to have made an offset to reflect additional income plaintiff received. We must affirm a jury damages award that is not clearly erroneous, viewing the evidence in the light most favorable to the prevailing party, and excluding any modifying evidence. See *Brueckner v. Norwich Univ.*, 169 Vt. 118, 127, 730 A.2d 1086, 1093-94 (1999). At best, the cross-examination produced modifying evidence. Moreover, in light of its lack of specificity, we cannot say that the jury award was clearly erroneous.

¶ 11. Also with respect to damages, defendant argues that plaintiff failed to mitigate his damages by making a reasonable effort to find employment after he was denied the road foreman job. The burden is on the employer to show failure to mitigate damages. *Havill v. Woodstock Soapstone Co.*, 2004 VT 73, ¶ 36, 177 Vt. 297, 865 A.2d 335. The employer must show both that suitable work existed and that the employee did not make reasonable efforts to obtain it. *Id.* As with the undeclared income issue, the evidence on mitigation was sparse and inconclusive. Thus, we conclude that the jury could find employer failed to demonstrate lack of mitigation.

¶ 12. Next, with respect to damages, defendant alleges that the jury erred by relying on the expert economist's prediction that plaintiff would work through 2010, in light of the stressful nature of the job. We take defendant's objection to be leveled at the front pay — that is, damages for a period after the date of judgment — aspect of the award. The expert witness explained how he derived his prediction of plaintiff's employment duration in relation to the population for his age group and education. A front pay period must be reasonable and not too speculative. *Id.* ¶¶ 28-29. In light of the expert's testimony, we hold that the jury's determination met this standard.

¶ 13. Finally, with respect to damages, defendant surmises that the high damage

amount must have been inflated by the inclusion of an amount for attorney's fees, because the jury twice asked for an instruction on attorney's fees. We cannot disturb a verdict unless it is clearly erroneous. See *Corbin v. Dickerson*, 155 Vt. 486, 490, 586 A.2d 1104, 1106 (1990). As defendant itself notes, this verdict was equal to plaintiff's expert's estimate of plaintiff's lost wages. There is no evidence that it includes attorney's fees. We conclude that it is not clearly erroneous.

*Affirmed.*