SUMMARY ORDER

Plaintiffs-appellants appeal from an order of the United States District Court for the Eastern District of New York (“Eastern District”) awarding $578,704.14 in attorneys’ fees and costs. The underlying suit concerns women who are police officers, alleging discrimination by the Suffolk County Police Department (“Suffolk County”) because of its failure to permit officers *708 to obtain limited duty assignments during pregnancy. Plaintiffs were awarded damages at trial and subsequently secured a consent decree establishing a new policy for pregnant officers. At the conclusion of the case, plaintiffs requested upwards of $1 million in fees and costs, pursuant to 42 U.S.C. § 2000e-5(k); the district court’s reduction of that amount is the sole issue on appeal. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
“We review the district court’s award of attorney’s fees for abuse of discretion....” Farbotko v. Clinton County of N.Y., 433 F.3d 204, 208 (2d Cir.2005). “ ‘[A]buse of discretion’ — already one of the most deferential standards of review — takes on special significance when reviewing fee decisions based on our recognition that the district court, being intimately familiar with the case, is in a far better position to make such determinations than an appellate court.” In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 134 (2d Cir.2008) (other internal quotation marks omitted). Nonetheless, “[a] district court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the record.” Farbotko, 433 F.3d at 208 (alteration in original, quotation marks omitted).
[1] Plaintiffs argue that the district court erred in awarding fees at Eastern District rates and that the court should have applied Southern District of New York (“Southern District”) rates for plaintiffs’ Manhattan attorneys.
In Arbor Hill Concerned, Citizens Neighborhood Ass’n v. County of Albany, 493 F.3d 110 (2d Cir.2007), amended and superseded on other grounds by 522 F.3d 182 (2d Cir.2008), we reaffirmed the presumption that a district court should award fees at the going rate in the district in which it sits, id. at 119. We held that a court may do otherwise only where “a reasonable, paying client would pay” more to hire an attorney from outside the district. Id. at 121. In Simmons v. New York City Transit Authority, 575 F.3d 170, 175-76 (2d Cir.2009), we clarified our decision in Arbor Hill, and held that “[i]n order to overcome th[e] presumption [in favor of application of the forum rule], a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.”
In this case, the district court declined to award Southern District rates, finding that plaintiffs’ choice of counsel “was not justified given the simplicity of the issues in the case, the wealth of competent civil rights attorneys in [the Eastern District], the length of time the attorneys were given to prepare for the case, and the far more limited resources being marshaled by the defendant, who was represented by the Suffolk County Attorneys’ Office.” Lochren v. County of Suffolk, No. CV 01-3925(ARL), 2008 WL 2039458, at *4 (E.D.N.Y. May 9, 2008). The court found that Southern District rates “would simply have been too high for a thrifty, hypothetical client — at least in comparison to the rates charged by local attorneys.” Id. (internal quotation marks omitted). Plaintiffs have not overcome the presumption in favor of in-district rates, and the district court did not abuse its discretion in awarding fees at Eastern District rates.
[2] Plaintiffs next argue that the district court erred in failing to consider explicitly each of the twelve factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 109 S.Ct. 939, 103 L.Ed.2d *709 67 (1989).[1] In Arbor Hill, we explained that “[i]n determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.” 493 F.3d at 117-18. Arbor Hill did not hold that district courts must recite and make separate findings as to all twelve Johnson factors. In this case, the district court weighed numerous factors, including the difficulty of the case, the novelty of the issues, and the timing demands imposed by the litigation. That analysis was sufficient.
[3] The district court applied a 25% across-the-board reduction in fees because plaintiffs overstaffed the case, resulting in the needless duplication of work and retention of unnecessary personnel. Plaintiffs argue that they exercised significant discretion in their fee request, carefully avoided duplication of tasks, and rigorously documented their hours to establish the unique role each attorney played in the litigation.
The district court was in a better position to weigh the plaintiffs’ specific contentions and the benefits (if any) of having multiple attorneys involved in the case. See, e.g., N.Y. State Ass’n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983) (“[A] trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, but for the most part such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation.”). The district court’s factual findings are supported by the record, and its decision to reduce fees by 25% was not an abuse of discretion.
[4] Plaintiffs contend that the district court erred in failing to award fees at current rates. The Supreme Court held in Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), that “[a]n adjustment for delay in payment is ... an appropriate factor in the determination of what constitutes a reasonable attorney’s fee,” id. at 284, 109 S.Ct. 2463, because “compensation received several years after the services were rendered — as it frequently is in complex civil rights litigation — is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed,” id. at 283, 109 S.Ct. 2463. We have held that to “adjust[ ] for delay,” id. at 284, 109 S.Ct. 2463, the “rates used by the court should be ‘current rather than historic hourly rates,”’ Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 232 (2d Cir.2006) (quoting Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir.1998) (other quotation marks omitted)); see also LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir.1998) (“[Cjurrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment[.]”).
*710 The district court calculated a fee based on rates in the Eastern District “[f]rom 2001, when this lawsuit began, to 2006, when the trial took place.” Lochren, 2008 WL 2039458, at *5. This time period did not account for current rates as of 2008, the year of the fee award. Moreover, the court identified a span of five years, but failed to explain whether it was awarding fees at the rate as of 2001, 2006, or some midpoint. This aspect of the court’s decision was not consistent with our precedents. Accordingly, remand is necessary for the district court to determine and apply current rates in the Eastern District for attorneys -with the experience level of those who worked on the case.
Plaintiffs also argue that the district court erred in reducing fees to the middle of the Eastern District range for all attorneys. The court imposed this reduction because “many of the attorneys seeking reimbursement as partners and senior associates were just beginning their legal career[s] when this lawsuit began.” Id. at *5. Clearly, the 2008 rate for a junior associate should have been applied to a lawyer who was a junior associate when the work was done. But it is a close question whether this reduction properly accounted for the experience levels described in the attorney affidavits. For example, Kathleen Peratis of Outen & Golden had 32 years of litigation experience when she worked on the case, and Leon Friedman had 47 years of litigation experience. On remand, the district court may wish to reconsider (or more thoroughly explain) its decision to award fees in the middle of the Eastern District range for certain attorneys.
Finally, the district court awarded plaintiffs $7,822.13 in paralegal and technical services fees. When reduced by 25%, this should have resulted in the addition of $5,866.60 to the total award of fees and costs. The district court made a mathematical error in neglecting to add this sum to plaintiffs’ award. Similarly, the district court neglected to award fees for attorney Leon Friedman’s preparation of reply papers for the attorneys’ fees application. The district court should correct these omissions on remand.
For the foregoing reasons, the judgment of the district court is VACATED and REMANDED for further proceedings consistent with this order.

. The Johnson factors are:
(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; the preclusion of employment by the attorney due to acceptance of the case; the attorney's customary hourly rate; whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the “undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
Arbor Hill, 493 F.3d at 114 n. 3 (citing Johnson, 488 F.2d at 717-19).