2010 VT 71

## James H. Spooner v. Town of Topsham

[9 A.3d 672]

No. 09-351

Present: **Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Crawford, Supr. J., Specially Assigned**

Opinion Filed July 22, 2010

294

*Edwin L. Hobson,* Burlington, and *John Archer Hobson* (On the Brief), Portland, Maine, for Plaintiff-Appellant.

*Andrea L. Gallitano* of *Otterman and Allen, P.C.,* Barre, for Defendant-Appellee.

¶ 1. **Reiber, C.J.** Plaintiff James H. Spooner, through his attorneys, Edwin L. Hobson and John Archer Hobson, appeals a trial court order denying an award of attorney's fees and costs for both an interlocutory appeal to compel the appearance of one of plaintiff's witnesses and the work of co-counsel used for trial. Because we find that the court improperly denied these costs and fees, we reverse and remand for further proceedings.

¶ 2. In 2001, the Town of Topsham's selectboard interviewed several candidates, including plaintiff, for the position of road foreman. The selectboard members made their hiring decision at a public meeting. Hank Buermeyer, a journalist who had attended that meeting, later published an article that quoted two of the selectboard members as stating that their hiring decision was based on age. Specifically, they said that they wanted to hire someone young who would be around for awhile. Plaintiff, who is older than the person who was hired, filed a complaint against the Town under the Fair Employment Practices Act, 21 V.S.A. § 495, claiming that he had been denied the position because of his age. The Town denied the charge, asserting that it had rejected plaintiff's candidacy solely because he was related to a number of Town officials, including a member of the Town selectboard and the Town Clerk.

¶ 3. Once discovery began, both the Town and then plaintiff subpoenaed Buermeyer. Buermeyer moved to quash the subpoenas based on the journalist's privilege, and the trial court granted the motion. Plaintiff moved for permission to bring an interlocutory appeal, which this Court granted and then considered in *Spooner v. Town of Topsham (Spooner I)*, 2007 VT 98, 182 Vt. 328, 937 A.2d 641. In that interlocutory appeal, we agreed that Buermeyer's testimony was relevant and material to plaintiff's case and was unavailable from anyone else. *Id.* ¶ 20. We therefore vacated the order to quash. *Id.* ¶ 21.

¶ 4. Over the five-year course of these proceedings, Edwin Hobson represented plaintiff on his own. Three days before trial, he filed a motion to have his brother, John Hobson, aid him at trial. The Town objected and informed the trial court that if the Town were to lose the litigation, then it did not want to have to pay the attorney's fees associated with the necessary time expended by Attorney John Hobson to replicate the knowledge currently held by Attorney Edwin Hobson. The court allowed John Hobson to appear at trial.

¶ 5. During the two-day trial, Buermeyer was the first of about a dozen witnesses called by plaintiff. At the close of trial, the jury found for plaintiff. The Town appealed the jury verdict, and this Court affirmed. *Spooner v. Town of Topsham (Spooner II)*, 2009 VT 43, 186 Vt. 527, 973 A.2d 1202 (mem.).

¶ 6. Plaintiff then moved for an award of attorney's fees and costs, as allowed under 21 V.S.A. § 495b(b). The trial court issued

an entry order seeking additional briefing and allowing extensive discovery, including the disclosure of expert witnesses and the taking of depositions. Following an evidentiary hearing, the court issued its opinion. In its award, the court denied all attorney's fees and costs associated with the interlocutory appeal and denied all attorney's fees and costs to co-counsel both for trial and for the Town's appeal on the merits. Plaintiff now appeals the trial court's denial of these attorney's fees and costs.[1]

■ ¶ 7. Due to the fact-specific nature of the analysis, this Court grants trial courts wide discretion in determining attorney's fees. *L'Esperance v. Benware*, 2003 VT 43, ¶ 21, 175 Vt. 292, 830 A.2d 675. We have previously held that "[w]here the lower court has awarded attorney's fees based on the lodestar approach, we will not reverse that award absent an abuse of discretion." *Id.* ¶ 28. Here, however, the trial court misinterpreted various aspects of Vermont's lodestar analysis for calculating reasonable attorney's fees. When a trial court commits an error of law, it is an abuse of discretion. See, e.g., *Salatino v. Chase*, 2007 VT 81, ¶ 22, 182 Vt. 267, 939 A.2d 482 (abuse of discretion occurs when trial court exercises discretion "on grounds or for reasons clearly untenable, or to an extent clearly unreasonable" (quotation omitted)).

■ ¶ 8. A prevailing party in a civil rights action in Vermont may seek compensation for "reasonable attorney's fees." 21 V.S.A. § 495b(b) ("Any person aggrieved by a violation of the provisions of this subchapter may bring an action in superior court seeking compensatory and punitive damages or equitable relief, including restraint of prohibited acts, restitution of wages or other benefits, reinstatement, costs, *reasonable attorney's fees* and other appropriate relief." (emphasis added)). In calculating attorney's fees, the court must determine the reasonable fee under the circumstances of the case — "the lodestar figure" — by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. *L'Esperance*, 2003 VT 43, ¶ 22. That fee may then be adjusted upward or downward based on various factors, *id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)), including the twelve *Johnson* factors:

---

[1] The trial court also reduced its award of fees and costs for other reasons, none of which are at issue on appeal.

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

■ ¶ 9. In calculating attorney's fees, Vermont courts center their analysis on the reasonableness of the fees — including the rate charged and the time invested — under all of the circumstances. *Perez v. Travelers Ins. ex rel. Ames Dep't Stores, Inc.*, 2006 VT 123, ¶ 13, 181 Vt. 45, 915 A.2d 750 ("For purposes of an award of attorney's fees under Vermont law, the touchstone is reasonableness."); *Human Rights Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 250, 668 A.2d 659, 668 (1995) ("Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims." (quotation omitted)). Indeed, the statute governing this case explicitly requires an award of *"reasonable* attorney's fees." 21 V.S.A. § 495b(b) (emphasis added).

¶ 10. Here, the trial court outlined four grounds for denying fees and costs for the interlocutory appeal: (1) "the need to pursue [Buermeyer's] testimony [was] debatable"; (2) it was not "reasonable to spend almost $40,000 to secure the testimony of one witness"; (3) the Town was "not responsible for the delay in connection with the interlocutory appeal"; and (4) a reasonable client would not have paid for the interlocutory appeal.

■ ¶ 11. The court's conclusion that the need for the interlocutory appeal process was "debatable" was not a finding of unreasonableness. In order to deny attorney's fees for the interlocutory appeal, the trial court was required to find that pursuit of the interlocutory appeal was unreasonable, see, e.g., *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (noting that the relevant

issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures"), not that it was "debatable."

¶ 12. The trial court offered no explanation or analysis to support this conclusion that it was unreasonable for plaintiff to spend $40,000 to secure the testimony of one witness. See *Hensley*, 461 U.S. at 437 (directing that district court provide "a concise but clear explanation of its reasons for the fee award" to allow for adequate appellate review). Although we would normally remand such a case to allow the trial court to explain its reasoning, a remand is unnecessary here because there is no basis in the record for finding that plaintiff's strategy was unreasonable. Rather, in ruling in *Spooner I* that Buermeyer's subpoena could not be quashed, we necessarily held that his testimony was important to the case. 2007 VT 98, ¶¶ 18, 20 (stating that "the trial court significantly undervalued the reporter's potential testimony" and that Buermeyer's testimony "cannot reasonably be obtained elsewhere" and is "relevant to significant issues in the underlying case"). Buermeyer was a unique and important witness because, while the other witnesses were related to plaintiff, Buermeyer was "a disinterested witness able to recall [the selectboard member's] precise statement," and the information provided by Buermeyer's testimony was necessary to "rebut[] the Town's mixed-motive defense." *Id.* ¶¶ 17, 20. In light of this Court's decision in *Spooner I*, it was an abuse of discretion for the trial court to conclude that the interlocutory appeal was unnecessary and produced evidence of "debatable" import.

¶ 13. The trial court's next justification for denying the award for the interlocutory appeal was the court's conclusion that it was not fair to make the Town pay for the interlocutory appeal, as it did not oppose the appearance of Buermeyer as a witness. The Town is correct that it was Buermeyer himself that moved to quash, and the Town was actually the first to subpoena Buermeyer. Thus, according to the trial court, the Town was not responsible for the interlocutory appeal, and, as a result, the Town should not have to pay attorney's fees associated with that aspect of the litigation. We disagree. This case involves statutory attorney's fees, and, absent any argument from the Town or rationale from the trial court to the contrary, we can find nothing in 21 V.S.A. § 495b(b) that provides an exception to the fee-shifting

provision based on whether a third party instigated additional litigation costs. The interlocutory appeal was a necessary portion of the trial in which the Town was found to have engaged in discriminatory hiring practices.

■■ ¶ 14. The trial court's final reason for denying attorney's fees for the interlocutory appeal was its conclusion that a reasonable paying client would not be willing to pay $40,000 to secure the testimony of one witness. On this point, the court cited *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), which held that, in calculating the reasonable hourly rate to be paid to an out-of-district attorney, federal district courts should consider, in addition to the *Johnson* factors, the minimum amount that a reasonable paying client would spend as an hourly rate to litigate a case effectively. *Id.* at 190. For four reasons, we conclude that *Arbor Hill* is not controlling here. First, *Arbor Hill* involved determining the proper hourly rate for out-of-district counsel, while this case is about whether certain hours expended pretrial are compensable. Second, *Arbor Hill* involved federal law and departed from Vermont law when it abandoned the traditional lodestar analysis employed in Vermont. Third, to the extent that *Arbor Hill* might be applicable by analogy, the trial court erred when it used the one new factor introduced by *Arbor Hill* — consideration that a reasonable client would wish to pay the lowest possible hourly rate to litigate the case effectively — as the sole basis for denying attorney's fees. We do not read *Arbor Hill* as allowing trial courts to substitute this one consideration in place of all of the other factors. To the contrary, in *Arbor Hill*, the United States Court of Appeals for the Second Circuit explicitly stated that this consideration is just one factor "among others" that courts should "bear in mind" when determining reasonableness. *Id.* Finally, the trial court here offered no explanation as to why a reasonable client would not be willing to pay for the interlocutory appeal in this case, and we do not find any evidence in the record to support such a conclusion. For these reasons, we hold that plaintiff must be compensated for the $38,491.71 in fees and costs associated with the interlocutory appeal.[2]

---

[2] In a motion filed after oral argument, the Town requested that this Court correct an alleged mathematical error resulting in a final award that included the costs of the interlocutory appeal ($38,491.71) despite the trial court's holding that the costs

¶ 15. Turning to the trial court's decision to deny all attorney's fees and costs for the second attorney, that decision is not supported by the record. The trial court was correct that courts must exclude hours that are determined to have not been "reasonably expended." *Hensley*, 461 U.S. at 434; see *id.* ("Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .") As the trial court observed here, it can also adjust the hourly rate based on factors such as "the complexity of the legal and factual subject matter and the amount of overlap or duplication of effort involved." See *supra*, ¶ 8 (listing *Johnson* factors).

¶ 16. Here, the trial court concluded that the legal and factual subject matter of the case "was not difficult, exceptional, or complex," thereby rendering the additional lawyer unnecessary and redundant. Because the trial court believed that only one lawyer was needed, it apparently considered everything that the second lawyer did as being duplicative and, as a result, denied *all* compensation for the second attorney's costs and fees.

¶ 17. There is an obvious distinction between having multiple attorneys working on a case and having multiple attorneys doing the same work on a case. While the trial court can adjust the hourly rate or number of hours that are awarded, a complete denial of all fees for the second attorney in this case was an abuse of discretion because the record does not support a finding that *all* fees for the second attorney were unreasonable. Here, apart from implying that plaintiff's fees were excessive because of the use of multiple attorneys, the trial court provided no findings or analysis as to how John Hobson's services were duplicative, nor did the court explain why it did not award fees for

for the interlocutory appeal should not have been included in the final award. Plaintiff opposed the motion, arguing that there was no error. We leave it to the trial court to determine on remand whether any clerical errors were made in its August 14, 2009 order and opinion. See *Whippie v. O'Connor*, 2010 VT 32, ¶ 31, 187 Vt. 523, 996 A.2d 1154 ("[A] claim of mathematical or calendar error (or both) . . . is properly directed to the trial court under Vermont Rule of Civil Procedure 60(a), which allows clerical mistakes or errors arising from oversight to be corrected at any time pursuant to a motion by one of the parties or on the court's own initiative."). As for plaintiff's other post-trial motion, requesting permission to include on appeal transcripts from the original trial on the merits, that motion is now moot, as we do not rely on any of those transcripts in reaching our decision today.

work that John Hobson did that did not involve familiarizing himself with the facts and law that Edwin Hobson already knew. See *Hensley*, 461 U.S. at 437 (stating that the district court should provide "a concise but clear explanation of its reasons for the fee award" to allow for adequate appellate review).

¶ 18. While a court can generally reduce the number of hours charged by attorneys due to duplication, see, e.g., *Lochren v. County of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (upholding district court's reduction of fees by 25% because record supported finding that plaintiffs "overstaffed the case, resulting in the needless duplication of work and retention of unnecessary personnel"), there are situations in which a certain level of duplication between attorneys is reasonable, see, e.g., *Afro-American Patrolmen's League v. City of Atlanta*, 817 F.2d 719, 725-26 (11th Cir. 1987) (holding that where there are reasons for having multiple attorneys on a case, it is reasonable to allow compensation for duplicative work). In *Afro-American Patrolmen's League*, the court outlined the following standard for determining whether duplicative time was reasonable:

> A reduction in a fee is warranted only if the attorneys are *unreasonably* doing the *same* work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.

*Id.* at 726 (quotation omitted); accord *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. 1981) (reversing trial court's total denial of attorney's fees for second lawyer because decision not supported by record); *Northcross v. Bd. of Educ.*, 611 F.2d 624, 637 (6th Cir. 1979) (reversing trial court's denial of all attorney's fees because "[i]t is impermissible . . . to eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative"). We agree.

¶ 19. We therefore remand to allow the trial court to determine how the use of multiple attorneys in this case actually was duplicative, if it was duplicative at all. Cf., e.g., *In re Vill. Assocs. Act 250 Land Use Permit*, 2010 VT 42A, ¶ 24, 188 Vt. 113, 998 A.2d 712 (remanding when trial court "made no findings" supporting its conclusions). Even if a court finds, as the trial court did here, that this case did not warrant multiple attorneys, the

court still must recognize that, if multiple attorneys performed unique work on the case, plaintiff should be compensated for each attorney's distinct inputs. Therefore, although on remand some of John Hobson's work may be found to be duplicative, plaintiff should be compensated for the nonduplicative work that he provided. For instance, at the very least, it was reasonable for plaintiff to charge attorney's fees for every hour that John Hobson put into the case that saved Edwin Hobson an hour of work, since those are fees for which Edwin Hobson would have collected had he not brought his brother into the case. If John Hobson provided nonduplicative services or reasonable duplicative services, then, regardless of how "easy" the case was, those services should be compensated.

*Reversed and remanded for proceedings consistent with this decision.*