VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-338

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2024

Jeffrey Rivard\* v. Susan Smallheer &
Brattleboro Reformer

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Windham Unit,
Civil Division
CASE NO. 22-CV-04364
Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from a civil division order awarding defendants their attorney's fees and costs under Vermont's anti-SLAPP (strategic lawsuit against public participation) statute, 12 V.S.A. § 1041.  We affirm.

The record reflects the following.  Plaintiff filed a pro se complaint against defendants, publisher Brattleboro Reformer and journalist Susan Smallheer, alleging defamation, libel, false light, and negligence in connection with a newspaper article about a criminal trial in which plaintiff was the accused.  Defendants moved to dismiss and to strike plaintiff's complaint as precluded by the anti-SLAPP statute.  The trial court granted the motion to strike and dismissed the complaint.  Plaintiff appealed, and we affirmed.  See Rivard v. Brattleboro Reformer, No. 23-AP-149, 2023 WL 5994216 (Vt. Sept. 15, 2023) (unpub. mem.) [https://perma.cc/VQ5R-SWC4].

Defendants then moved for an award of $14,741.80 in attorney's fees and costs under the anti-SLAPP statute's fee-shifting provision, 12 V.S.A. § 1041(f)(1).[1]  In support of this request, they submitted an affidavit in which their attorney described his qualifications and identified attached invoices as those his firm issued to defendants for work on this case.  Plaintiff opposed the motion but did not request a hearing.  The court considered the information in the attorney's affidavit and concluded that his $435 hourly rate was commensurate with his training, experience, reputation, and expertise in this area of the law.  It reviewed the bills and concluded that the hours spent on the case were reasonable given the number of motions and responses counsel was required to file.  Finally, it noted that both the rates charged and the hours expended

---

[1]  Defendants argued in the alternative that the court should award this amount under 12 V.S.A. § 5771, which provides that where judgment is rendered for a defendant in a defamation action, which the court finds was frivolous and without merit, it may award the defendant's costs and reasonable attorney's fees.  However, the trial court resolved the motion for fees and costs under § 1041(f)(1) alone.

correlated with other fee awards under the anti-SLAPP statute. It found the requested fees reasonable and awarded defendants the amount sought. This second appeal followed.

At the outset, we note that several of plaintiff's contentions on appeal relate to the merits of the underlying judgment. We have already heard and decided plaintiff's appeal from the dismissal of his complaint and will not revisit related issues here. See Whippie v. O'Connor, 2011 VT 97, ¶ 7, 190 Vt. 600 (mem.) (explaining that "questions necessarily involved and already decided" in earlier appeal to this Court will not be revisited in subsequent appeal from same underlying action). The only arguments properly raised in this appeal are plaintiff's challenges to the order awarding fees and costs: he contends that the fee award was unreasonable and that in any event, it was unfair to award fees under the circumstances of the case.

Parties are generally required to bear their own litigation costs, including attorney's fees, absent a statutory or contractual provision to the contrary. L'Esperance v. Benware, 2003 VT 43, ¶ 21, 175 Vt. 292. In this case, defendants sought an award of fees and costs pursuant to 12 V.S.A. § 1041(f)(1), which provides that if the court grants a special motion to strike under the anti-SLAPP statute, it "shall award costs and reasonable attorney's fees to the defendant." As a result of this language, "the award of fees is mandatory when a motion to strike is granted." Cornelius v. The Chronicle, Inc., 2019 VT 4, ¶ 19, 209 Vt. 405. In determining what constitutes reasonable attorney's fees, courts generally begin by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. Perez v. Travelers Ins. ex rel. Ames Dep't Stores, Inc., 2006 VT 123, ¶ 9, 181 Vt. 45. The resulting figure may then be adjusted based on various factors, including those the court considered here. Spooner v. Town of Topsham, 2010 VT 71, ¶ 8, 188 Vt. 293 (enumerating factors). We afford the trial court "wide discretion" in making this determination and will not reverse its decision absent abuse of that discretion.[2] L'Esperance, 2003 VT 43, ¶¶ 21, 28.

Plaintiff contends that the court abused its discretion in awarding defendants their attorney's fees in the amount requested, asserting that: (1) $175, not $435, was a reasonable hourly rate; and (2) a January 2023 phone call between plaintiff and defendants' attorney should have been billed for a shorter increment of time.[3] However, both arguments rest on factual assertions plaintiff failed to support below. See Fine Foods, Inc. v. Dahlin, 147 Vt. 599, 605 (1986) ("Determining what would be a reasonable fee in a particular matter is ordinarily a question of fact."). Under the Vermont Rules of Civil Procedure, a party opposing a request for attorney's fees on the basis of facts outside the record may submit supporting affidavits or request an evidentiary hearing. V.R.C.P. 54(d)(2)(C) (providing that where attorney's fees are claimed, court shall on request afford opportunity for adversary submission consistent with Civil

---

[2] Citing Lent v. Huntoon, plaintiff suggests that we must review the fee award to determine whether it is "grossly excessive." 143 Vt. 539, 553 (1983). The standard articulated in Lent applies to review of the denial of a motion for remittitur under Vermont Rule of Civil Procedure 59(a) where exact computation of damages is impossible. Id. It is not relevant here.

[3] Plaintiff also makes several representations pertaining to attendance at a hearing in April 2023 and summarily observes that the fee award includes costs incurred in relation to defendants' motion to dismiss. Insofar as plaintiff intended to advance arguments in connection with these issues, we are unable to discern them. We therefore do not address these issues. See Alpine Haven Prop. Owner's Assoc., Inc. v. Deptula, 2020 VT 88, ¶ 59, 213 Vt. 507 (declining to address inadequately briefed argument); V.R.A.P. 28(a)(4) (requiring that appellant's argument contain "appellant's contentions and the reasons for them").

Rule 43(e) or 7(b)(4)-(6)); see also V.R.C.P. 7(b)(6), 43(e). Plaintiff did not request an evidentiary hearing in connection with his opposition to defendants' motion and, although he filed a document styled as an affidavit, it was unsworn. See Affidavit, Black's Law Dictionary (11th ed. 2019) (defining affidavit as declaration of facts "sworn to by a declarant"). Because plaintiff did not support his factual arguments below, he has waived them on appeal. See Bull v. Pinkham Eng. Assocs., 170 Vt. 450, 459 (2000) ("Contentions not . . . fairly presented to the trial court are not preserved for appeal."). He has not shown that the court abused its discretion in determining that the fee award was reasonable.

Finally, plaintiff argues that it was unfair to award defendants their attorney's fees given his limited financial resources and because, as a pro se litigant, he was unable to anticipate certain aspects of the civil division's ruling on the motion to strike. However, "[w]hen a statute requires an award of attorney's fees, it is not within the trial court's discretion to determine whether to award such fees." Soon Kwon v. Eaton, 2010 VT 73, ¶ 13, 188 Vt. 623 (mem.) (emphasis added). Rather, because the court granted defendants' motion to strike under the anti-SLAPP statute, "an award of fees was mandatory." Cornelius, 2019 VT 4, ¶ 19. The court did not err in awarding defendants' fees notwithstanding plaintiff's fairness argument.[4]

Affirmed.

BY THE COURT:

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[4] We note that defendants request a "public finding" regarding plaintiff's conduct in this litigation based on their allegation that plaintiff left an abusive and threatening voicemail for defendants' counsel. As we are unable to make a finding based on representations about the content of a voicemail, we do not further consider this request.