Filed 10/06/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-1822

| | |
|---|---|
| DAVID KRAG, as Executor of the Estate of Peter Krag,<br>     Plaintiff<br><br>v.<br><br>UNIVERSITY OF VERMONT MEDICAL CENTER, INC.,<br>     Defendant | DECISION ON MOTION |

## RULING ON PLAINTIFF'S MOTION FOR NEW TRIAL

In this medical negligence action, a jury trial was held June 2-6, 2025. Plaintiff's theory of the case was that Defendant's employee, Dr. Halle Sobel, negligently failed to treat Plaintiff's son, Peter Krag, for opioid use disorder and that this negligence caused Peter's death. The jury returned a verdict for Defendant University of Vermont Medical Center. Plaintiff now seeks a new trial under Rule 59. Plaintiff argues that a new trial is warranted for two reasons stemming from Defendant's closing argument – first, that defense counsel repeatedly made assertions that lacked evidentiary support, and second, that Defendant's argument improperly relied on the notion that it should not be held liable because numerous other providers and family members had also failed to manage Peter's treatment. For the reasons discussed below, the motion for a new trial is DENIED.

### Discussion

Plaintiff contends that the following statements by defense counsel during closing argument lacked evidentiary support:

- "And no one at the Howard Center was able to convince Peter to stay on his Vivitrol injections in April of 2019. Despite in-person meetings, despite multiple interactions, no provider was able to convince Peter to stay on the injections." Tr. at p. 5, ll. 19-23.

- "Well, how did that happen in April of 2019? . . . The Howard Center discharged Peter, no monitoring after he stopped the Vivitrol injection. No monitoring." Tr. at p. 8, ll. 18-23.

- "Was anyone at the Howard Center able to get Peter back on those injections? Was Dr. Krag able to get Peter back on those injections? No. . . . No they were not."  Tr. at p. 15, ll. 11-13.

Plaintiff argues that the evidence instead shows that the Howard Center discharged Peter because it understood his care was being transferred to Dr. Sobel, not because it failed to keep him on Vivitrol.  Pl.'s Mot. at 2; Ex. 2 to Pl.'s Mot. (Howard Center note).  Plaintiff further contends that the following statements by defense counsel improperly imply that, because no other providers were successful in treating Peter, Dr. Sobel should be excused for also failing to do so:

- "And all of the providers in our community you heard about, . . . Dr. Maruti at the addiction treatment program, all of the providers at the Howard Center, the providers at Serenity House, the providers at Maple Leaf, the providers at Valley Vista.  Were any of those providers able to persuade him to adhere to his medication regimen and his medications over the long term?"  Tr. p. 9, ll. 20-22.

- "Where in Peter's treatment history was he easily convinced to do anything?"  Tr. p. 9, ll. 3.

- "Was it easy for Peter to get into residential treatment?"  Tr. p. 9, ll. 5.

- "Was it easy to have Peter attend outpatient?"  Tr. p. 9, ll. 6.

- "Was it easy to have Peter adhere to his medication?"  Tr. p. 9, ll. 7.

Plaintiff concedes that he did not object at trial to the statements he now challenges.  "In general, issues not raised at trial are unpreserved," and the Supreme Court "will not review them on appeal."  *Follo v. Florindo*, 2009 VT 11, ¶ 14, 185 Vt. 390.  He argues, however, that the Court should nevertheless review his challenge under the plain error doctrine.  Courts consider plain error in civil cases "only in limited circumstances, i.e., when an appellant raises a claim of deprivation of fundamental rights, or when a liberty interest is at stake in a quasi-criminal or hybrid civil-criminal probation hearing.  *Id*. ¶ 16 (citing *Varnum v. Varnum*, 155 Vt. 376, 382-87, 586 A.2d 1107, 1110-13 (1990) (applying plain-error review where mother claimed violations of her federal and state constitutional rights to the free exercise of religion in hearing concerning award of parental rights and responsibilities) and *State v. Decoteau*, 2007 VT 94, ¶ 11, 182 Vt. 433); *see also LeBlanc v. LeBlanc*, 2014 VT 65, ¶ 19, 197 Vt. 17 (discussing plain-error standard in civil case); *Pcolar v. Casella Waste Sys., Inc.*, 2012 VT 58, ¶ 21, 192 Vt. 343 (same).  Plaintiff contends that defense counsel's "repeated and unsupported statements – central to Defendant's theory of the case – violated Plaintiff's fundamental right to a fair trial."  Pl.'s Mot. at 4.

The purportedly improper statements here do not amount to plain error.  *Follo* is instructive.  There, defendant argued on appeal that during closing argument, plaintiff's counsel "repeatedly used an improper 'send a message' argument that prejudiced the jury" and that, while not objected to, this was plain error.  *Follo*, 2009 VT 11, ¶¶ 15-16.  The Court noted the "limited circumstances" in which it considers plain error in civil cases, and concluded that "[s]uch circumstances are not present here."  *Id*. ¶ 16; *see also Spooner v. Town of Topsham*, 2009 VT 43,

¶ 6, 186 Vt. 527 (concluding that counsel's statements in opening and closing arguments did not amount to the circumstances warranting plain error review); *accord Imported Car Ctr., Inc. v. Billings*, 163 Vt. 76, 78, 653 A.2d 765, 768 (1994) (plaintiff's counsel's comment during closing argument referring to defendant's exercise of Fifth Amendment privilege was unreviewable because it was not objected to).

Equally instructive is *Venturella v. Addison-Rutland Supervisory Union*, 2010 VT 115, ¶¶ 10-12, 189 Vt. 553. There, the plaintiffs asked the Court to review unobjected-to jury instructions for plain error because the case involved the "fundamental right" to public education. The Court rejected that request, concluding that the "ultimate outcome" of the case would not bear on plaintiffs' access to education, but instead on whether they receive compensatory damages for past harm: "[This] decision . . . will not have an impact on plaintiffs' current or future access to public education – it will determine only whether plaintiffs should be awarded damages for past conduct. Access to compensatory damages, even for alleged deprivation of or interference with the right to public education, is not the kind of fundamental right we recognized in *Varnum*." *Id*. ¶ 12.

Similarly, here, there is no deprivation of a fundamental right that would allow this Court to review for plain error. The decision here will not impact a current or future fundamental right of Plaintiff; rather, it will determine whether Plaintiff is awarded damages for past conduct. This is not like the situation in *Varnum*, where the Court's decision determined the physical and legal custody of children *prospectively*. *See Varnum*, 155 Vt. at 382-83, 586 A.2d 1110-11. Plaintiff asserts that "an argument that relies on an improper burden of proof deprives a party of a fair trial," citing *State v. Rehkop*, 2006 VT 72, ¶ 35, 180 Vt. 228. Pl.'s Reply at 2. However, taking Plaintiff's assertion to its logical conclusion would mean that almost any error in a civil proceeding would be enough to require plain error review and would render the duty to object meaningless. Moreover, *Rehkop* was a criminal case, with greater availability for plain error review. Plaintiff also cites *Rathe Salvage, Inc. v. R. Brown & Sons, Inc.*, 2012 VT 18, ¶ 11, 191 Vt. 284, but there the challenged remark was apparently properly objected to and thus did not involve plain error review.

Even assuming that the Court could review the challenged statements for plain error, it would find no basis for a new trial. "The law favors upholding jury verdicts." *Watrous v. Porter Med. Ctr.*, 2025 VT 47, ¶ 7 (quotation omitted). As such, "[r]ulings on motions for new trial are within the discretion of the trial court." *Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, ¶ 5, 182 Vt. 349. On a Rule 59 motion, "[t]he trial court must view the evidence in the light most favorable to the jury verdict and may only exercise its discretion to set aside the verdict if 'the verdict is shown to be clearly wrong and unjust because the jury disregarded the reasonable and substantial evidence, or found against it, because of passion, prejudice, or some misconception of the matter.'" *Watrous*, 2025 VT 47, ¶ 7 (quoting *Pirdair v. Med. Ctr. Hosp. of Vt.*, 173 Vt. 411, 416 (2002). Moreover, "plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." *Talandar v. Manchester-Murphy*, 2024 VT 86, ¶ 36, 331 A.3d 1093 (quotation omitted).

Plaintiff quotes three statements made by defense counsel in closing, where counsel argued that neither a provider nor Dr. Krag was able to convince Peter to stay on Vivitrol. Despite Plaintiff's protests to the contrary, that argument was a fair implication from the evidence at trial. *See* Def.'s Opp'n at 6-14 (citing evidence from trial). To be sure, the evidence was susceptible to various reasonable interpretations and did not compel the conclusion that defense counsel drew. But that was a matter for counsel to argue, and Plaintiff's counsel had every opportunity to respond to defense counsel's argument in rebuttal.

Plaintiff also challenges several more statements made by defense counsel in closing, where counsel argued that other providers were not able to persuade Peter to stick to his medication regimen long-term and that Peter was not easily convinced to receive or maintain treatment. Plaintiff argues not that these statements lack evidentiary support, but that they wrongly imply that Dr. Sobel (and, thus, Defendant) should be excused from liability merely because other providers failed to successfully treat Peter. Plaintiff emphasizes that the elements of breach and causation must be analyzed based on Defendant's own actions, and that defense counsel's argument improperly suggested that Peter was beyond treatment and that his death was inevitable, and invited the jury to "absolve" Defendant "based on the historical difficulty of treating Peter." Pl.'s Mot. at 6. To support this contention, Defendant relies on the language of the medical malpractice statute (12 V.S.A. § 1908), *Tillson v. Lane*, 2015 VT 121, ¶ 10, 200 Vt. 534, and *Smith v. Parrott*, 2003 VT 64, ¶ 12, 175 Vt. 375 (2003).

Plaintiff's contention is not persuasive. The *Tillson* and *Smith* decisions were focused on rejecting attempts to adopt the "loss-of-chance" doctrine, and do not support Plaintiff's argument for a new trial here. The ease or difficulty of treating Peter had some value to the causation analysis, as indicated by Plaintiff's reliance on such evidence as part of his case, and asking the jury to consider this evidence does not by itself suggest that Peter was untreatable. Indeed, defense counsel's arguments were a fair response to Dr. Ciccarone's testimony that Peter could have been "[e]asily convinced" to stay on Vivitrol and Plaintiff's counsel's closing arguments that it would have been "so easy to help Peter make the right choice." Ex. F at 43:21; Ex. G at 7:1-2.

Moreover, the Court gave standard jury instructions on medical negligence in this case, including an instruction that Plaintiff "must prove that Dr. Sobel violated [the] standard of care either because she lacked that degree of knowledge or skill, or because she failed to exercise that degree of care in her treatment of Peter Krag." Jury Instr. at 8. The Court also instructed the jury: "Anything said in the courtroom is not evidence other than witness testimony that has been admitted by the Court. So, for example, the opening statements of the lawyers and other statements that they made during the trial are not evidence." The Court "cannot presume that the jury disregarded these instructions . . . . In fact, quite to the contrary, the rule is that 'juries are presumed to follow their instructions.'" *Labate v. Rutland Hosp., Inc.*, 2015 VT 128, ¶ 24, 200 Vt. 438 (quoting *Zafiro v. United States,* 506 U.S. 534, 540-41 (1993)); *see also Jones v. Hart*, 2021 VT 61, ¶ 60, 215 Vt. 258 ("In reviewing a jury verdict, we must presume that the jury has followed the trial court's instructions." (quotation omitted)). Accordingly, the Court presumes that the jury followed the instructions and based its verdict only on evidence admitted at trial, and that it did not return a verdict for Defendant merely because other providers failed to successfully treat Peter. There is no basis to grant a new trial.

4

## Order

Accordingly, for the foregoing reasons, Plaintiff's motion for a new trial (Mot. # 28) is DENIED.

Electronically signed on October 6, 2025 at 2:05 PM pursuant to V.R.E.F. 9(d).

_____

Megan J. Shafritz
Superior Court Judge